Commonwealth ex rel. Huey, Appellant, *v.* Dye.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

re-argument refused May 4, 1953.

*J. Harry Pershing,* with him *Van A. Barrickman,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, April 22, 1953:

The relator in this case was convicted of murder in South Carolina and sentenced to life imprisonment on July 14, 1926. After serving a term of eight years, the relator escaped on June 14, 1934 and proceeded to McKeesport, Pennsylvania and has resided there or in Pittsburgh, Pennsylvania until the present time. On November 17, 1952 the relator was arrested without a warrant in Pittsburgh on the sworn charge of being a fugitive from justice and immediately given a hearing before a magistrate who directed that he be held in custody in the Allegheny County Jail. On November 10, 1952 the Governor of South Carolina had issued an extradition requisition directed to the Governor of Pennsylvania who issued his warrant on November 18, 1952. Thereafter a petition for a writ of habeas corpus

was presented to the Court of Common Pleas of Allegheny County. The relator in support of his petition presented testimony that he was hit on the head with a club by one of two prison guards in South Carolina; that he saw the prisoner next to him killed by the guards; that they gave him $10 and told him to leave. He testified that he then came to McKeesport, Pennsylvania where he obtained employment; that he communicated with these prison guards, and that they were aware of his whereabouts ever since he left South Carolina. After the hearing the prayer for a writ was denied.

In this appeal relator contends that he was not a fugitive from justice; that his arrest without a warrant was a violation of his constitutional rights and that his life would be in danger by his return to South Carolina.

Relator's contention that he was not a fugitive is based upon his testimony that he was released from the prison by the two guards who thereafter knew of his whereabouts from the time of that release in 1934 until his arrest in 1952, and during all of this time no attempt was made to have him extradited. This novel contention is without merit. Relator does not contend that his sentence was invalid. In order to establish the fact that he was not a fugitive as stated in the requisition, the burden was on him to prove (1) that his sentence had been served; or (2) that he had been pardoned or paroled; or (3) a judicial order requiring his release from the South Carolina prison: Cf. *Commonwealth ex rel. Bucksbarg v. Good,* 162 Pa. Superior Ct. 557, 58 A. 2d 842. Relator was unable to show any of these conditions existed. If he was released by prison guards in South Carolina, the guards were guilty of a criminal offense under the laws of that State: The Code of Laws of South Carolina, Vol. 2, Title 16, Sections 232, 233. The right of a state

to extradite a prisoner who has not completed his term of imprisonment or been otherwise released by the duly constituted authorities cannot be impaired by criminal acts of prison guards.

Relator's contention that his arrest without a warrant was in violation of his constitutional rights is two-fold: first, that Section 14 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.14, is unconstitutional as applied to this relator, and second, that Section 10 of the Act was not complied with. Section 14 permits an arrest without a warrant ". . . upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or magistrate with all practicable speed, and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section [i.e. that he was a fugitive from justice], and thereafter his answer shall be heard as if he had been arrested on a warrant.". Appellant's contention here is based upon his claim that he was not a fugitive from justice. Since we have determined this claim to be without merit, his contention that his arrest without a warrant was unconstitutional fails.

Section 10 of the Act provides: "No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to

test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. . . .". "Such warrant" in this section refers to the Governor's warrant as described in Section 7. The purpose of Section 10 is to assure a judicial hearing to the accused prior to his return to the demanding state. The same purpose is accomplished under Section 14 since it is there provided that ". . . his answer shall be heard as if he had been arrested on a warrant.". In the instant case relator was afforded a hearing at the time of his arrest and upon his petition for habeas corpus, where he was represented by counsel. Although relator was arrested under Section 14, he was given the same privileges and protection he would have been entitled to under Section 10. Relator's constitutional rights were not violated either by his arrest or the subsequent procedure in this State.

As to relator's contention that his life will be in danger if he is returned to the demanding state, a similar contention was considered and rejected by this Court in the case of *Commonwealth ex rel. Hatton v. Dye*, 373 Pa. 502, 96 A. 2d 127.

In its order denying the writ, the court below inadvertently directed that the relator be delivered to the proper authorities of the State of Alabama. The court obviously intended that the relator be delivered to the proper authorities of the State of South Carolina, the demanding state.

The first paragraph of the Order of the court below is hereby amended to read as follows: AND NOW, to wit, March 2, 1953, the within matter having come on for hearing in open court, and upon due consideration thereof, it is ordered that the writ of habeas corpus is hereby denied, and Charles L. Dye, Warden of Allegheny County Jail, is hereby authorized and di-

rected to turn over the prisoner to the proper authorities of the State of South Carolina when the same present themselves.

As amended, the Order is affirmed.