Commonwealth ex rel. Davis, Appellant, *v.* Ruch.

Argued November 22, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Leonidas A. Allen,* with him *Bullock & Allen,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Samuel Dash,* First Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION PER CURIAM, January 3, 1955:

In 1930, the relator, Edward Davis, was convicted in the State of Georgia of the crime of murder. He was sentenced to imprisonment for life but escaped three times from prison; on the third escape he came to Philadelphia. The Governor of the State of Georgia having forwarded his demand for extradition to the Governor of Pennsylvania, the latter issued his warrant for relator's arrest and return to Georgia. Relator filed a petition for a writ of habeas corpus alleging that he had been, and if returned to Georgia would again be, subjected to cruel and barbarous treatment, and that he was now in such a poor physical condition that his life would be in jeopardy if he were sent back to that State.

At the hearing counsel for relator stipulated that if testimony were taken it would establish the same facts as were shown in the case of *Commonwealth ex rel. Brown v. Baldi*, 378 Pa. 504, 106 A. 2d 777, and it was agreed that such testimony should be regarded as placed in evidence in the present record. The court thereupon granted defendant's motion to dismiss the petition for the writ of habeas corpus.

Relator contends that his case is distinguishable from the *Brown* case in that he suffered from a gastric ulcer and hernia, each of which conditions required a surgical operation. In support of these allegations he submitted a report from the Temple University School of Medicine and Hospital under date of July 13, 1954, which showed that on February 4, 1952, relator was admitted to the hospital where a diagnosis of benign gastric ulcer was made and a subtotal gastrectomy performed by which more than two-thirds of his stomach was removed; he was discharged from the hospital on March 15, 1952, but was re-admitted on September 27, 1952, at which time a diagnosis of a right inguinal

hernia was made and a hernioraphy was performed; he was finally discharged from the hospital on December 5, 1952.

At the Philadelphia County Prison following his arrest he has been receiving special consideration and diet consisting of six feedings a day. However, as the court below found, there is nothing to indicate that he is suffering from any present acute condition, or that any serious harm would result from his removal to a prison in the State of Georgia; what the relator will henceforth require is that he be given the extra number of daily feedings, and it must be assumed that he will receive the same humane consideration in that respect in Georgia as he has been receiving in Philadelphia.

The case is controlled by the decisions of this Court in *Commonwealth ex rel. Hatton v. Dye,* 373 Pa. 502, 96 A. 2d 127; *Commonwealth ex rel. Huey v. Dye,* 373 Pa. 508, 96 A. 2d 129; *Commonwealth ex rel. Brown v. Baldi,* 378 Pa. 504, 106 A. 2d 777; and the decision of the United States Supreme Court in *Sweeney, Sheriff v. Woodall,* 344 U. S. 86, as well as the decisions in the federal courts cited in the *Brown* decision.

The order dismissing the petition for the writ of habeas corpus is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I dissent from the Majority Opinion in this case for the reasons set forth in my Dissenting Opinion in the case of *Commonwealth ex rel. Brown v. Baldi,* 378 Pa. 504. I believe further that the relator should have been allowed to submit the additional testimony he indicated was available to show that the reputed changes, for the better, in the Georgia Chain Gang system have not actually taken place.