approval from R.C.L. and other authorities that: "When human life is at stake, the rule of due care and diligence requires everything that gives reasonable promise of its preservation to be done, regardless of difficulties or expense." In comparison to the benefit of saving human life, the cost of a few cans of paint and a few electric bulbs would be negligible. And since the defendant company is engaged in the very manufacture and creation of electric current, the cost of the current needed to supply the desired illumination would be as insignificant as the cost of a few bread crumbs in a bakery.

One other point will be considered. The Trial Court allowed, on the basis that the statement was part of the res gestae, a witness, Chas. O. Barner, to testify as follows: "I made the remark about the plane flying low." Without ruling on whether this was properly res gestae, we deem the testimony inadmissible because it expresses a view which is too indefinite and merely comparative. It has no more probative value than the expression of a witness that an automobile was "travelling fast." (*Wertz v. Shade,* 121 Pa. Superior Ct. 4, 9.)

Reversed with a venire facias de novo.

Mr. Justice BELL dissents.

Commonwealth ex rel. Houser, Appellant, *v.* Seip.

546

Submitted May 21, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Etter N. Houser,* appellant, in propria persona.

*Martin H. Lock,* Assistant District Attorney and *Huette F. Dowling,* District Attorney, for appellee.

OPINION PER CURIAM, June 25, 1956:
The Order of the Court below is affirmed on the Opinion of Judge NEELY.

Moss, Appellant, *v.* Bailey Sales and Service, Inc.