222 Pa. Superior Ct. 190 (1972)
Commonwealth
v.
Bell, Appellant.
Superior Court of Pennsylvania.
Argued March 20, 1972.
June 22, 1972.
*191 Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
Stephen Robert LaCheen, for appellant.
Richard D. Steel, Assistant District Attorney, with him Milton M. Stein, Assistant District Attorney, James D. Crawford, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.
OPINION BY SPAULDING, J., June 22, 1972:
Appellant, Maurice Bell, appeals from the order of extradition entered by Judge Jacob KALISH, of the Court of Common Pleas of Philadelphia, on January 28, 1972. The court below granted a supersedeas and continued appellant on bail pending the disposition of this appeal.
Pursuant to Section 13[1] of the Uniform Criminal *192 Extradition Act, Act of July 8, 1941, P.L. 288, §§ 1-32, 19 P.S. 191.1-.31, hereafter called the Act, appellant was arrested on November 2, 1971, and charged with being a fugitive from justice in Delaware on a charge of burglary. He was presented before a Municipal Court judge, who advised him of the purpose of his arrest and his right to counsel. He was then released on $1,000.00 bail pending the bringing of extradition proceedings. He appeared with counsel on December 3, 1971, January 6, and January 20, 1972; each time the matter was continued at the request of the Commonwealth in order to secure necessary warrants and affidavits from the state authorities. Finally, on January 28, the Commonwealth appeared with its evidence and documents. For the first time, it was disclosed that extradiction was being sought in connection with a burglary which had allegedly taken place on May 13, 1971. Appellant's counsel objected to the admission of the Commonwealth's *193 evidence at that time, and, indicating appellant's desire to contest the legality of his arrest, requested a reasonable opportunity to file for a writ of habeas corpus. Notwithstanding this request, and over counsel's continued objections, the court heard the Commonwealth's evidence and ordered extradition. This procedure was improper.
Section 10 of the Act directs that: "No person arrested upon such warrant[2] shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state." The rights and safeguards enumerated in this section should have been made available to this appellant despite the fact that he was originally subjected to the court's jurisdiction under a magistrate's warrant rather than under the Governor's warrant. Our Supreme Court has said that, although there need be no formal rearrest on a Governor's warrant once a prisoner is properly in custody under a magistrate's warrant, before an extradition may be effected, *194 the "essential particulars" of the Act must be complied with. Commonwealth ex rel. Osburn v. Haas, 439 Pa. 341, 268 A. 2d 85 (1970). This language means that a prisoner must be afforded a full opportunity, within the limitations provided by the Act, to challenge his extradition, including the opportunity to file for and be heard on a petition for habeas corpus. It was only because the appellant had been afforded "the same privileges and protection he would have been entitled to under Section 10", including the opportunity to file for and be heard on a petition for a writ of habeas corpus after the issuance of the Governor's warrant that the Supreme Court decided in Commonwealth ex rel. Huey v. Dye, 373 Pa. 508, 96 A. 2d 129 (1953), that it was immaterial whether appellant had been arrested pursuant to Section 14[3] or Section 10. Likewise, in Commonwealth ex rel. Osburn v. Haas, supra, the Supreme Court found that all the "essential particulars" of the Act had been complied with, thereby obviating the necessity for a formal rearrest, where the appellant had been afforded a full hearing on his petition for a writ of habeas corpus filed after the issuance of the Governor's warrant. We therefore conclude that a prisoner may not be denied the privileges of Section 10 by virtue of his having been arrested in accordance with Sections 13 or 14 of the Act.
Conformity to Section 10 required that once the appellant communicated his desire to contest his arrest, the court was bound to grant him a reasonable opportunity to file for a writ of habeas corpus. A person arrested under the authority of an extradition warrant has the remedy of habeas corpus as a means of challenging the legality of his arrest as a matter of right, not at the discretion of the judge presiding over the proceeding. *195 Commonwealth ex rel. Bleecher v. Rundle, 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966); Commonwealth ex rel. Houser v. Seip, 385 Pa. 545, 124 A. 2d 110 (1956), affirming on opinion of the lower court at 68 Dauph. 36 (1955).
The Commonwealth's assertions that appellant's insistence upon an opportunity to seek habeas corpus relief was purely a dilatory tactic is without foundation. We stress again that it is appellant's statutory right to bring habeas corpus proceedings, regardless of the merit of his challenge.
The Commonwealth contends further that had appellant had any serious intention of seeking habeas corpus relief, he could have done so in the almost three months between his arrest and the hearing on the warrant. This argument is befuddling. It was not until the date of that hearing that the Commonwealth produced the documents which were necessary for appellant to make any intelligent determination of whether any successful challenge could be made to his arrest. Without those documents, he could not determine whether the documents themselves were in order, whether he could be identified as the person named in the Governor's warrants, whether he could prove that he was elsewhere than the demanding state at the time of the alleged crime, or whether he could be shown to be a fugitive from justice. Moreover, the statute, by its language, assumes that the first reasonable opportunity to challenge the proceedings is when a judge of a court of record has advised the arrestee of the demand made on him and the nature of the charge against him in the demanding state.
In Commonwealth ex rel. Aronson v. Price, 412 Pa. 493, 194 A. 2d 881 (1963), our Supreme Court stated: "Although the courts of the surrendering state possess only a limited scope of review over an extradition procedure, there is an obligation to make certain that the *196 requirements of the Uniform Criminal Extradition Act have been satisfied before permitting one to be surrendered to the executive authority of the demanding state." (at 495) The statutory requirement that an arrestee be afforded an opportunity to file for a writ of habeas corpus is clear.[4] The failure to meet that requirement in this instance is equally obvious. The order is invalid.[5]
The order of extradition is vacated, and the case is remanded to the court below to allow appellant to exercise his habeas corpus rights.
DISSENTING OPINION BY PACKEL, J.:
Counsel for the defendant complains in this extradition case that he was entitled as a matter of right to a continuance in order to initiate habeas corpus proceedings.[1] Although § 10 of the Uniform Criminal Extradition *197 Act[2] provides for that right when the arrest is made upon the Governor's warrant, there is no such right provided for under § 13 of that Act when the arrest is on a complaint.
The Supreme Court has noted in Commonwealth ex rel. Huey v. Dye, 373 Pa. 508, 512, 96 A. 2d 129, 131 (1953), that the proceedings on complaint and answer thereto serve the same purposes as the habeas corpus proceeding following arrest on the Governor's warrant.
The crowded courts should not be required to go through two proceedings when one suffices. Furthermore, witnesses frequently must travel from distant states and should not be required to make repeated appearances. Defendant's counsel had approximately three months to take appropriate steps if the complaint did not give sufficient information concerning the charges in the other state. He did not seek a continuance upon the grounds of surprise. Rather his complaint was that he had an absolute right to a continuance to initiate a habeas corpus proceeding. Neither the statute nor any reason of policy justifies such bifurcation of a judicial proceeding for extradition.
The order of extradition should be affirmed.
WRIGHT, P.J., and WATKINS, J., join in the dissent.
NOTES
[1] The text of this section reads as follows: "Whenever any person within this State shall be charged on the oath of any credible person before any judge or magistrate of this State with the commission of any crime in any other state, and, . . . with having fled from justice or with having been convicted of a crime in that state and having escaped confinement or having broken the terms of his bail, probation or parole, or whenever complaint shall have been made before any judge or magistrate in this State, setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state and that the accused has been charged in such state with the commission of the crime, and . . . has fled from justice or with having been convicted of a crime in that state and having escaped from confinement or having broken the terms of his bail, probation or parole and is believed to be in this State, the judge or magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein wherever he may be found in this State and to bring him before the same or any other judge, magistrate or court who or which may be available in, or convenient of, access to the place where the arrest may be made to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant."
[2] "Such warrant" in this section refers to the Governor's warrant. See Commonwealth ex rel. Huey v. Dye, 373 Pa. 508, 96 A. 2d 129 (1953).
[3] Section 14 allows for the arrest of a person suspected of being a fugitive from justice without a magistrate's warrant.
[4] As we find the order of extradition was improper on the above grounds, we do not consider appellant's other contentions that the Commonwealth's evidence as to identification and as to appellant's presence in the demanding state at the time of the alleged offense was insufficient.
[5] We do not contemplate that there will have to be two full-scale hearings, one at the presentation of the Governor's warrant to the court of record, and another on the arrestee's habeas corpus petition. To require two appearances of the demanding state's witnesses where the arestee wishes to assert his habeas corpus rights would substantially burden the extradition process while failing to materially effect the statutory rights of the arrestee. Although we expect that ordinarily the full hearing would come at the habeas corpus stage, so long as the arrestee has had adequate notice and a reasonable opportunity to assert his challenge, we see no merit in demanding rigid conformity to this norm. Since, in the instant case, the witness from the demanding state appeared and testified to the satisfaction of the court, it is not required that he appear a second time.
[1] Appellant's other contentions are equally devoid of merit. His identity as the person charged in the demanding state was established by the weight of the credible evidence. Commonwealth ex rel. Edgar v. Davis, 425 Pa. 133, 228 A. 2d 742 (1967). Furthermore, the requisition papers must be regarded as prima facie proof of appellant's presence in the demanding state when the offense was committed since he offered no evidence to contradict the papers, Ripepi Extradition Case, 427 Pa. 507, 235 A. 2d 141 (1967).
[2] Act of July 8, 1941, P.L. 288, §§ 1-31, 19 P.S. §§ 191.1-191.31.