## Commonwealth ex rel. Goodroe, Appellant, *v.* Roth.

Submitted March 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Stephen Robert LaCheen,* for relator, appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant

District Attorney, and *Milton O. Moss,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

Appellant was arrested on burglary charges in Montgomery County, Pennsylvania on June 28, 1972, and was placed in custody awaiting trial upon his failure to post bail. On the following day, a fugitive murder warrant from New Jersey was lodged against appellant with Pennsylvania authorities. No further action was taken on the warrant, and appellant remained in custody. On October 5, 1972, appellant petitioned the court below for a writ of habeas corpus, seeking a dissolution of the detainer on the grounds that the Commonwealth had failed to proceed with the extradition proceedings mandated by the Uniform Extradition Act, Act of July 8, 1941, P. L. 288, 19 P.S. §191.1 et seq. Specifically, appellant contends that the writ should issue because the ninety day period within which the Commonwealth must produce a Governor's warrant from the demanding state had elapsed, entitling him to have the fugitive be released.[1]

The instant case is controlled by the recent decision of the Pennsylvania Supreme Court in *Commonwealth ex rel. Knowles v. Lester,* 456 Pa. 423, 321 A. 2d 637 (1974). In *Knowles,* the Court held that the lodging of a fugitive detainer or warrant against an individual constituted an arrest for purposes of §§15 and 17 of the

---

[1] Ninety days is the maximum period of time during which a person may be held in custody after arrest. Section 15 of the Act (19 P.S. §191.15) allows commitment for thirty days until the requisition papers are forwarded from the demanding state. A further commitment of 60 days may be made by a magistrate if the warrant of the demanding state does not arrive within thirty days. Section 17, 19 P.S. §191.17. No action appears to have been taken after the expiration of the thirty day period. Appellant's petition was filed well after the maximum allowable period of commitment of ninety days.

Extradition Act, and that the ninety day allowable period of commitment commences as of the date of the lodging of the detainer. In the instant case, appellant was committed in excess of ninety days without the requisition papers from the demanding state being forwarded, thus entitling him to have the writ of habeas corpus issue as the remedy for illegal confinement under the Act. 19 P.S. §191.10 (1964).

The order of the court below is reversed and the case remanded for proceedings consistent with this opinion.