**William FEILKE, Prisoner, State Correctional Institution, Graterford, Pennsylvania**

v.

**GOVERNOR, STATE OF NEW JERSEY, et al.**

**Civ. A. No. 75–486.**

United States District Court, E. D. Pennsylvania.

Jan. 7, 1976.

William Feilke, pro se.

None for defendants.

**MEMORANDUM AND ORDER**

FULLAM, District Judge.

Plaintiff, a Pennsylvania state prisoner, seeks leave to proceed *in forma pauperis* with his "Motion for a Temporary Restraining Order, Declaratory and Injunctive Relief." From the petition, it appears that the plaintiff seeks to challenge the procedures utilized by the Commonwealth of

---

Pennsylvania in processing detainer warrants which have been lodged against Pennsylvania prisoners. It appears that a detainer warrant was lodged against the plaintiff by the State of New Jersey during the latter part of 1974, and it further appears that this outstanding detainer is still a part of the inmate's institutional record. Plaintiff contends that his constitutional rights have been violated because he has never received official notice of the detainer warrant, and has never been afforded an opportunity to challenge the sufficiency of the warrant.

■ Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. Simply stated, it is a well-settled principle of law that a prisoner does not have a constitutional right to receive notice of, and participate in, extradition proceedings. *U. S. ex rel. Fort v. Meiszner*, 319 F.Supp. 693 (N.D.Ill.1970). My research has failed to disclose a single case in which a court has held that extradition proceedings are subject to judicial review on constitutional grounds. In fact, the Supreme Court has held that there is no violation of a criminal defendant's constitutional rights when a prosecuting state bypasses the asylum state's extradition procedures by "forcibly abducting" the criminal defendant from the asylum state. *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). Since it appears that there has been no violation of plaintiff's constitutionally protected rights, this Court is without jurisdiction to grant the declaratory and injunctive relief requested.

However, since the plaintiff is proceeding *pro se*, the Court directs his attention to the provisions of § 10 of the Pennsylvania Uniform Extradition Act, 19 P.S. 191.10, which provides that:

"No person arrested upon [a detainer warrant] shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has a right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer of the county in which the arrest is made and which the accused is in custody and to the said agent of the demanding state."

Section 10 of the Uniform Extradition Act guarantees that every state prisoner, prior to extradition, has a full opportunity to challenge his extradition, including the opportunity to file for and be heard on a petition for habeas corpus. Admittedly, under the provisions of the statute, notice of an outstanding detainer warrant need not be given until the arrestee is presented to a judge of a court of record prior to extradition. However, no injury necessarily flows from this delay, since the statute specifically provides that an arrestee may immediately petition for state habeas corpus relief after examining the Commonwealth's extradition documents. This approach makes sense, since it is only after examination of these documents that it becomes possible to evaluate the likelihood of successfully challenging the legality of the proposed extradition. *Commonwealth v. Bell*, 222 Pa.Super. 190, 293 A.2d 74 (1972).[1]

Notwithstanding the availability of a statutory remedy under Pennsylvania law, the fact remains that the plaintiff has

---

1. In challenging the sufficiency of the extradition documents, the arrestee should focus on (1) whether the documents themselves were in order; (2) whether he could be identified as the person named in the detainer warrant; (3) whether he could prove that he was elsewhere than the demanding state at the time of the alleged crime; or (4) whether he could be shown to be a fugitive from justice. *See Commonwealth v. Bell, supra*, at 195, 293 A.2d 74.

failed to allege the violation of a constitutionally protected right. Accordingly, the complaint must be dismissed for failure to state a claim upon which relief may be granted.