350 So.2d 831 (1977)
Richard A. PAYNE, Petitioner,
v.
Reubin O'D. ASKEW, Governor, State of Florida, and Louie L. Wainwright, Secretary, Department of Offender Rehabilitation, State of Florida, Respondents.
No. HH-72.
District Court of Appeal of Florida, First District.
October 17, 1977.
*832 Alan R. Parlapiano, Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., for respondents.
MILLS, Judge.
We deny, but without prejudice, petitioner's application for habeas corpus because the trial court failed to follow the procedure set forth in Section 941.10(1), Florida Statutes (1975).
A grand jury of the State of Louisiana indicted the petitioner for first degree murder. The Governor of the State of Louisiana made a demand upon the Governor of the State of Florida for extradition of petitioner to Louisiana. The Governor of Florida issued a warrant of arrest directing the Secretary of the Department of Offender Rehabilitation of the State of Florida to arrest the petitioner and to deliver him, subject to the provisions of Chapter 941, Florida Statutes (1975), to the duly authorized agent of the State of Louisiana. Petitioner was arrested and in accordance with the provisions of Section 941.10(1) was taken before a circuit judge of the Eighth Judicial Circuit.
Section 941.10(1) states:
"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the State Attorney for the county in which the arrest is made, and in which the accused is in custody, and to the said agent of the demanding state."
In the case before us, the trial court informed petitioner that Louisiana wanted him on a charge of first degree murder and provided petitioner with counsel, but when petitioner's counsel informed the court that he desired to test the legality of his arrest, the court immediately heard and ruled upon the evidence concerning the legality of his arrest, failing to require him to file an application for writ of habeas corpus as required by Section 941.10(1). In addition, at the conclusion of the proceeding, the trial court gave petitioner time to apply to this Court for a writ of habeas corpus.
The latter two actions by the trial court were improper. At the initial proceeding under Section 941.10(1), the trial court is permitted to do no more than (1) inform the accused that he is wanted in another state and for what crime, (2) inform the accused that he has a right to counsel and (3) if the accused or his counsel states that he desires to test the legality of the arrest, fix a reasonable time for the filing of a petition for writ of habeas corpus and when applied for set the time and place for the hearing. The petition for writ of habeas corpus is filed in the circuit court, not the District Court of Appeal.
Although the procedure followed by the trial court was an expeditious one and although petitioner was given the opportunity to challenge the legality of his arrest and obtained an adverse ruling, we are compelled to require the trial court to comply with the procedure set forth in Section 941.10(1).
*833 Remanded to the trial court with directions to fix a reasonable time to be allowed petitioner within which to apply for a writ of habeas corpus in the trial court and to otherwise comply with the provisions of Section 941.10(1).
McCORD, C.J., and BOYER, J., concur.