466 A.2d 671

**COMMONWEALTH of Pennsylvania**

v.

**Marion JACOBS, a/k/a Frank Davis, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1983.

Filed Oct. 7, 1983.

Gary Neil Asteak, Assistant Public Defender, Easton, for appellant.

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal from an order granting extradition of Marion Jacobs, a/k/a Frank Davis, to New Jersey, the appellant complains that he was not permitted to apply for a writ of habeas corpus to test the legality of his arrest. Our review of the record suggests that appellant is correct; and, therefore, we reverse and remand.

Jacobs was being held in the Northampton County prison in default of bail on criminal charges pending against him in Pennsylvania when, on October 23, 1981, New Jersey authorities lodged a detainer against him. On November 5, 1981, the District Attorney of Northampton County petitioned for an extension of sixty days within which to file the documents necessary to effect Davis' extradition to New

Jersey. See: 42 Pa.C.S. § 9138.[1] This petition was granted and bail was set at $20,000.00 [2] following an in-camera conference participated in by counsel for the parties, but at which appellant was not personally present. His first appearance in court was for an extradition hearing on January 20, 1982. At that time, his counsel requested an opportunity to file an application for writ of habeas corpus. His request was denied, and the court ordered extradition. Jacobs appealed.

The Uniform Criminal Extradition Act has been adopted in Pennsylvania and codified at 42 Pa.C.S. §§ 9121 to 9148. Section 10 thereof (42 Pa.C.S. § 9131) provides as follows:

### § 9131. Rights of accused person

No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this Commonwealth who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, *the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.* When such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state. (emphasis added).

 This section establishes the means by which a detainee may test the legality of his arrest. *Commonwealth ex rel. Knowles v. Lester,* 456 Pa. 423, 425–426, 321

---

**1.** In the absence of a court allowed extension, a person detained on a warrant from another state can be confined for only thirty days. 42 Pa.C.S. § 9136.

**2.** This was in addition to bail of $100,000.00 which had been set on the Pennsylvania charges.

A.2d 637, 639 (1974); *Commonwealth v. Bell,* 222 Pa.Super. 190, 194, 293 A.2d 74, 76 (1972). See also: *Feilke v. Governor, State of New Jersey,* 414 F.Supp. 10, 11 (E.D.Pa. 1976); *Ex Parte Chapman,* 601 S.W.2d 380, 382–383 (Tex. Cr.App.1980). The procedural safeguards guaranteed to a person whose extradition is sought are applicable without regard to whether the person is incarcerated in the asylum state on other charges. *Commonwealth ex rel. Knowles v. Lester, supra.* See also: *People ex rel. Lehman v. Frye,* 35 Ill.2d 343, 220 N.E.2d 235 (1966), *cert. denied,* 385 U.S. 1015, 87 S.Ct. 732, 17 L.Ed.2d 552 (1967). The lodging of a detainer against one already in custody on other charges is an "arrest." *Commonwealth ex rel. Knowles v. Lester, supra,* 456 Pa. at 426, 321 A.2d at 639–640; *Commonwealth ex rel. Coffman v. Aytch,* 238 Pa.Super. 584, 587, 361 A.2d 652, 654 (1976). See also: *Commonwealth v. Quackenbush,* 291 Pa.Super. 209, 213, 435 A.2d 872, 874 (1981).

In *Commonwealth v. Bell, supra,* this Court encountered a case factually analogous to the case *sub judice.* Bell had been arrested on November 2, 1971 as a fugitive on a Delaware burglary charge and was thereafter brought before a Philadelphia Municipal Court judge, who advised him of the purpose for his arrest and his right to counsel. Bell appeared in court with counsel three times, and on all occasions the Commonwealth obtained a continuance. Finally, on January 28, 1972, Bell appeared and the Commonwealth was ready with the necessary warrants and evidence. Only then was Bell told that he was wanted in Delaware for a burglary allegedly committed on May 13, 1971. Counsel requested leave to file a writ of habeas corpus to challenge the legality of his arrest. The court denied the request and ordered extradition. On appeal, this Court found such procedure improper. It said:

> The rights and safeguards enumerated in this section should have been made available to this appellant despite the fact that he was originally subjected to the court's

jurisdiction under a magistrate's warrant rather than under the Governor's warrant. Our Supreme Court has said that, although there need be no formal rearrest on a Governor's warrant once a prisoner is properly in custody under a magistrate's warrant, before an extradition may be effected, the "essential particulars" of the Act must be complied with. *Commonwealth ex rel. Osburn, Appellant v. Haas,* 439 Pa. 341, 268 A.2d 85 (1970). This language means that a prisoner must be afforded a full opportunity, within the limitations provided by the Act, to challenge his extradition, including the opportunity to file for and be heard on a petition for habeas corpus.

*Id.* 222 Pa.Super. at 193–194, 293 A.2d at 76.[3] See also: *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa.Super. 443, 447, 217 A.2d 772, 775 (1966).

The argument made by the Commonwealth in this case that appellant had advance notice of the extradition hearing and ample time within which to file an application for habeas corpus prior to the hearing was also made in *Bell.* The Court rejected the argument, observing "the statute, by its language, assumes that the first reasonable opportunity to challenge the proceedings is when a judge of a court of record ha[s] advised the arrestee of the demand made on him and the nature of the charge against him in the demanding state." *Id.* 222 Pa.Super. at 195, 293 A.2d at 77. See also: *Feilke v. Governor, State of New Jersey, supra* at 11; *Payne v. Askew,* 350 So.2d 831, 832 (Fla.Dist.Ct.App. 1977).

The facts of the instant case demonstrate even more clearly why it is necessary to allow a reasonable time to apply for a writ of habeas corpus after the person to be extradited has appeared in a court of record. The only prior proceeding was the in-camera proceeding on the District Attorney's petition to extend the period of detention.

**3.** The codification of Section 10 of the Uniform Act was then found at 19 P.S. § 191.10.

Appellant was not then present, and the recorded arguments by counsel evidence uncertainty regarding whether appellant was to be extradited to face a new robbery charge, a charge of parole violation, or both. The Governor's warrant had not then arrived, and it was not until January 20, 1982 that appellant first appeared in court and was advised formally of the charges pending in New Jersey and the procedure available to challenge the validity of the extradition proceedings.

It may ultimately be shown that appellant's challenge lacks merit. The courts of the asylum state have a very limited right of review in extradition matters. Extradition is a constitutionally mandated process and must be ordered if the subject of the extradition (1) is charged with a crime in the demanding state; (2) is a fugitive from the demanding state; (3) was present in the demanding state at the time the crime was committed; and (4) if the requisition papers are in order. *Commonwealth ex rel. Banks v. Hendrick*, 430 Pa. 575, 577, 243 A.2d 438, 439 (1968); *Commonwealth v. Inadi*, 303 Pa.Super. 409, 411, 449 A.2d 753, 754 (1982); *Commonwealth v. Brown*, 281 Pa.Super. 31, 37, 421 A.2d 1131, 1134 (1980); *Commonwealth ex rel. Berry v. Aytch*, 253 Pa.Super. 312, 316, 385 A.2d 354, 356 (1978). Nevertheless, the statute requires that once the appellant has communicated his intent to challenge the legality of his arrest, the court must grant him a reasonable time within which to file an application for habeas corpus. This is a right conferred by statute regardless of the merit or lack of merit in the challenge. *Commonwealth v. Bell*, *supra* 222 Pa.Super. at 195, 293 A.2d at 77.

Because the trial court failed to follow the statutory mandate, we are required to reverse its order, at least for the time being, and remand for proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction is not retained.