581 A.2d 634

**COMMONWEALTH of Pennsylvania**

v.

**Samuel FUCCI, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 22, 1990.

Filed Oct. 17, 1990.

618

William E. Stockey, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com.

Before POPOVICH, JOHNSON and HESTER, JJ.

JOHNSON, Judge.

This is an appeal from the order extraditing Samuel Fucci to Tennessee to face criminal charges for failure to pay child support. We must interpret language in the Revised

Uniform Reciprocal Enforcement of Support Act that allows extradition under a "substantially similar law." Deciding that this language refers to a substantially similar reciprocal law, we affirm.

On August 10, 1989, the Governor of Tennessee requested extradition of Samuel Fucci pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, October 30, 1985, P.L. 264, No. 66, § 1, codified at 23 Pa.C.S. §§ 4501–4540 (RURESA) for the Tennessee crime of Failure to Pay Child Support in Violation of a Court Order, Tenn. Code Ann. § 39-4-113. On August 24, 1989 the Honorable Robert Casey, Governor of Pennsylvania, executed a Governor's Warrant. On December 5, 1989, the Honorable Robert E. Dauer held an extradition hearing, following which Judge Dauer signed the order to extradite Fucci. Fucci neither requested time to file, nor did he file a writ of *habeas corpus*. Fucci now appeals to this Court and argues that the trial court should not have ordered his extradition because Pennsylvania does not have a crime substantially similar to Tennessee's crime of failure to pay support in violation of a child support order.

■ First we will address a threshold issue of extradition procedure. Under RURESA, the Governor may:

> (2) surrender on demand by the Governor of another state a person found in this Commonwealth who is charged criminally in that state with failing to provide for the support of any person.

> Provisions for extradition of criminals not inconsistent with this chapter apply to the demand even if the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and has not fled therefrom.

23 Pa.C.S. § 4505. This makes two important departures from the Uniform Criminal Extradition Act, July 9, 1976, P.L. 586, No. 142, § 2, codified at 42 Pa.C.S. §§ 9121–9148, under which the person to be extradited is "any person charged in that state with treason, felony or other crime, who had fled from justice and is found in this Common-

wealth." 42 Pa.C.S. § 9123. Notwithstanding this distinction, extradition proceedings under RURESA incorporate the procedural safeguards required by the Uniform Criminal Extradition Act. *See Commonwealth ex. rel. Houser v. Seip*, 385 Pa. 545, 124 A.2d 110 (1956).

A fundamental procedural safeguard emanating from the constitutional right to *habeas corpus*, U.S. Const. art. I, § 9, cl. 2, is that arrestees must be afforded an opportunity to file for a writ of *habeas corpus*. *Commonwealth v. Bell*, 222 Pa.Super. 190, 293 A.2d 74 (1972). This procedural right is codified at 42 Pa.C.S. § 9131:

> ██f the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

42 Pa.C.S. § 9131. Pursuant to this procedure, we have remanded cases where the trial court has refused to give extensions of time when requested to do so by the defendant. *Commonwealth v. Jacobs*, 319 Pa.Super. 531, 466 A.2d 671 (1983); *Commonwealth v. Bell, supra.* In the present case, Fucci did not request an extension of time for the purpose of filing a petition, nor did the court sua sponte inform him of this right. Fucci never argues that he should have been given time to file a *habeas* petition in which to raise his objections to extradition. Most important, the merits of Fucci's contentions were addressed in the extradition hearing before Judge Dauer. We conclude that the procedure below was constitutionally sufficient and afforded Fucci full opportunity to challenge his arrest.

██ We now reach the merits of Fucci's appeal. Fucci contends that the trial court erred in ordering his extradition because Pennsylvania does not have a "substantially similar law" to Tennessee's crime of leaving the state and failing to comply with a child support order. Fucci premises his argument upon the erroneous assumption that the "substantially similar law" language in RURESA refers to whether Pennsylvania has a substantially similar *criminal* statute to the statute under which Tennessee bases its

extradition demand. What RURESA requires is that the state demanding extradition must have a substantially similar *reciprocal enforcement of support* act.

The challenged language appears in the following section:
(b) Obligor in this Commonwealth.—If, under a *substantially similar law*, the Governor of another state makes a demand upon the Governor of this Commonwealth for the surrender of a person charged criminally in that state with failure to provide for the support of a person, the Governor may require any prosecuting attorney to investigate the demand and to report to him whether proceedings for support have been initiated or would be effective.

23 Pa.C.S. § 4506 (emphasis added).

Interpretation of the above-quoted statutory language by itself as well as in conjunction with other sections of the statute employing the same phrase convinces us that "substantially similar law" refers to the requirement of a substantially similar *support* law containing an extradition clause similar to § 4506. We do not believe that the statutory language refers to a requirement that the extraditing state have a substantially similar *criminal* law. First, nowhere does RURESA talk about substantially similar criminal laws. Rather, the statute talks about "substantially similar *reciprocal* law," as in the following provision from the definition section:

"**State.**" Includes a state, territory ... and any foreign jurisdiction in which this or a *substantially similar reciprocal law* is in effect.

23 Pa.C.S. § 4502 (emphasis added). If another state has adopted a law substantially similar to RURESA, then our Governor may surrender an individual to the other state to allow that state to try him under its criminal law. This only makes sense, as the stated purpose of RURESA is "to improve and extend by reciprocal legislation the enforcement of duties of support." 23 Pa.C.S. § 4501(b). Further, the Construction of Uniform Laws portion of the Statutory Construction Act requires that "[s]tatutes uniform with those of other states shall be interpreted and construed to

effect their general purpose to make uniform the laws of those states which enact them." 1 Pa.C.S. § 1927.

It is significant that Fucci fails to argue that Tennessee does not have a reciprocal enforcement of support law, nor could he properly do so. We may take judicial notice that Tennessee has adopted the Uniform Enforcement of Support Law, Tenn.Code Ann. §§ 36–5–201 to 36–5–229. *Commonwealth ex. rel. Houser v. Seip, supra.* Fucci does not challenge the facial validity of the extradition warrant. Therefore, if the statutory procedure is followed, and Fucci does not argue that it was not, Pennsylvania may extradite Fucci. For all the foregoing reasons, we affirm the extradition order.

Order affirmed.