## Commonwealth v. Robinson

*Glenn S. Coffey, assistant district attorney*, for the Commonwealth.

*Harry M. Ness,* for defendant.

UHLER, *J.,* February 2, 1994—Before the court is a petition for writ of habeas corpus filed on December 7, 1993. The court conducted a hearing on January 21, 1994 resulting in the following findings:

(1) The defendant George Thomas Robinson was arrested on a fugitive from justice warrant pursuant to 42 Pa.C.S. §9134 on August 27, 1993.

(2) Upon arrest the defendant was released on $20,000 bail pending further hearings on the matter.

(3) On October 1, 1993 a motion to quash the warrant was filed in the clerk of court's office which challenged the fugitive from justice warrant lodged against the defendant while a proceeding remained pending before the district justice on October 14, 1993.

(4) The court on October 4, 1993, having been forwarded the motion by the clerk of court's office, concluded that due to its full schedule, the proceeding scheduled before the district justice would antedate any

proceeding before it and denied the request noting the issues should be preserved before the district justice.

(5) The district justice forwarded the fugitive from justice charge to the court on October 14, 1993, upon waiver of the defendant, who was represented by private counsel. The defendant was scheduled for arraignment on November 5, 1993.

(6) No arraignment was conducted on November 5, 1993.

(7) A second motion to quash the warrant was filed with the court on November 10, 1993, whereupon a hearing was scheduled for November 17, 1993.

(8) Immediately prior to the November 17, 1993 hearing, the extradition warrant, accompanied by the underlying charges filed in the State of Florida, the demanding state, were served upon the defendant.

(9) The court concluded (as was conceded by the defendant's counsel) that the service of the requisite governor's warrant and supporting documents rendered the motion to quash moot.

(10) At the hearing on November 17, 1993, the court apprised the defendant of his rights under the Uniform Extradition Act, granted leave to the defendant to file a habeas corpus petition on/or before December 7, 1993, increased bail to $50,000, and fixed December 17, 1993 at 11 A.M. as the date and time of the habeas corpus hearing in anticipation of the filing of the petition.

(11) On December 16, 1993 the district attorney's office submitted a motion for continuance containing 10 numbered paragraphs to the chambers of the court. The court declined to execute the motion by reason that the grounds therefore were not clear on the face.

(12) On December 16, 1993 the district attorney's office submitted an expanded motion for continuance

containing 12 paragraphs which, again, the court declined to execute determining that it would hear from the parties at the time of the scheduled hearing on December 17, 1993.

(13) On December 17, 1993, the district attorney's office appeared on behalf of the Commonwealth and defendant appeared with his counsel.

(14) The Commonwealth advised the court that due to (1) the ongoing bail negotiations between the demanding state and the defendant, which negotiations had become stymied, though the Commonwealth was co-operating with defense counsel in an attempt to accommodate the bail requirements, the Commonwealth was prejudiced; (2) the short span in time between the breakdown on the bail negotiations and the requirements for obtaining airplane passage; (3) the Christmas holidays which reduced the availability of plane tickets, (4) and the premium expense of the airplane tickets; it sought a continuance of the proceedings.

(15) Defense counsel objected to the requested continuance claiming that the breakdown of the bail negotiations was an event occurring in November 1993 and that the defendant was entitled to a habeas corpus hearing within 30 days of presentment of the governor's warrant in keeping with controlling federal statutes.

(16) The court granted the continuance sought by the Commonwealth and rescheduled January 21, 1994 as the date and time of the habeas corpus proceeding.

(17) On January 21, 1994 defendant appeared with counsel.

(18) The Commonwealth appeared, represented by the assistant district attorney appearing at the prior hearing and produced Detective Michael R. Short of the Largo, Florida Police Department.

(19) Detective Short's testimony established that:

a. The defendant George Thomas Robinson is charged with the crimes of sexual battery-life, lewd and lascivious act in presence of a child under the age of 16 years and handling and fondling a child under the age of 16 years which crimes were alleged to have been committed between the 1st day of January 1989, and the 14th day of November 1992.

b. That the defendant was present in the State of Florida during the times the crimes were alleged to have been committed.

c. That the defendant had left the State of Florida and as indicated was found in the Commonwealth of Pennsylvania.

d. The detective testified that the victims and parent of the victims knew the defendant in that the victims' mother was employed by the defendant during the time period in question in the State of Florida.

e. The defendant acknowledged in an interview with the detective that he would periodically visit the State of Florida and that he was operating a car dealership in the State of Florida.

f. A photograph of the defendant was introduced into the record clearly substantiating that the person sought to be extradited is in fact the person demanded.

(18) On the subject matter of the previously granted continuance, Detective Short advised the court as follows:

a. He inquired of the Commonwealth as to whether or not the proposed hearing on December 17, 1993 could be postponed due to two concurrently scheduled career advancement conflicts in the State of Florida specifically, a three day officer advancement board, and a course on sharpshooting marksmanship, neither of

which would be offered or available to Detective Short for a period of a year or more.

b. While he did request the postponement he would have appeared if directed to do so by the court.

c. He did not seek an airplane ticket and was awaiting word from the Commonwealth as to what he should do.

d. He was aware that the cost of the tickets would be a premium by reason of the short time span; however, those charges would be borne by the demanding municipality.

(19) Defendant renewed his objection to the court's earlier grant of a continuance, and in addition urged that the State of Florida's "indeterminate" designation that the charges arose "between the 1st day of January 1989, and the 14th day of November 1992" substantially deprived defendant of his due process rights to challenge his presence in the State of Florida on a date certain as contemplated by the Uniform Extradition Act.

(20) The defendant offered no testimony at the time of the habeas corpus hearing.

It is clear to the court that the only issues that need be further expanded upon arise (1) from the disparate grounds for continuance asserted by the assistant district attorney from that of Detective Short during the hearing on January 21, 1994, and (2) defendant's contention that the defendant may only be detained for a period of 30 days after service of the governor's warrant, otherwise the same must be discharged, and (3) that by virtue of the lack of specificity in the Florida information surrounding the dates when these alleged offenses took place the defendant has been denied an entitlement to challenge his presence in the demanding state at the time the offenses were alleged to have been committed,

and (4) the effect of the proceedings before the district justice before the formal presentation of these matters before the court.

Unquestionably, disparate reasons for postponement of the December 17, 1993 proceeding were offered by the assistant district attorney from that of Detective Short at the hearing on January 21, 1994. The reasons advanced by the Commonwealth's representative in support of his request for a continuance on December 17, 1993, *i.e.,* the short time span within which to obtain airplane tickets during the holiday season as well as the claimed breakdown of negotiations on the bail issue warranted the court's serious consideration particularly since the court scheduled the hearing on December 17, 1993 *in anticipation of the filing of a writ of habeas corpus on/or before December 7, 1993.* 42 Pa.C.S. §9131 provides that if the prisoner or his counsel expresses a desire to test the legality of the arrest the judge shall fix a "reasonable time" to be allowed the prisoner within which to apply for a writ of habeas corpus. Section 9131 further provides "when such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer in the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state." No prescribed time period is set forth under the Act as to what constitutes a "reasonable time," nor does the Act provide for a specific time within which the court should schedule a hearing *after* the filing of the petition. It is with the foregoing factual and legal background that the court concluded that the reasons advanced by the Commonwealth on December 17, 1993 warranted the grant of a continuance, particularly since the court scheduled the hearing prior

to the filing of the petition in order to promptly address the anticipated issues.

We further determine that had the assistant district attorney advanced the reasons articulated by Detective Short during the January 21, 1994 hearing which Short indicated had been earlier communicated to the ADA but not previously to the court we again would have granted a continuance to the Commonwealth. Unquestionably it is troublesome to the court that a complete and correct recital of the grounds for the continuance had not been made to the court by the ADA; however, we are satisfied that had the request for postponement been accurately represented the continuance would have been extended to the Commonwealth. It is noteworthy that the defendant remained free on bail throughout these proceedings. Accordingly we reaffirm the factual basis for the grant of the continuance predicated on Detective Short's advice.

Turning to the legal issue raised by the defendant as to whether or not the court may grant a continuance beyond 30 days after service of the governor's warrant, we conclude that defendant's argument is without merit. Defendant advances that interstate extradition is fundamentally a federal rather than a state matter. It is contended that since Congress enacted 18 U.S.C. §3182 this court is bound by the time dictates incorporated therein. Defendant urges that the Commonwealth's failure to proceed with the habeas corpus proceeding within a 30 day time period from the time of service of the governor's warrant mandates dismissal of the warrant and a discharge of the defendant. 18 U.S.C. §3182 provides:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state, district or territory

to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate (United States magistrate judge) of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate (United States magistrate judge) of the state or territory from whence the person so charged has fled, the executive authority of the state, district or territory to which such person has fled shall cause him to be arrested an [sic] secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such an agent when he shall appear. If no such agent appears within 30 days from the time of arrest, the prisoner *may be discharged.*" (emphasis supplied)

We conclude that defendant's reliance on 18 U.S.C. §3182 is misplaced. Defendant was extended a reasonable time within which to petition for a writ of habeas corpus by the court on November 17, 1993 which petition was filed on December 7, 1993. As a result of his filing the petition for writ of habeas corpus, he could not be delivered to the agent of the demanding state within the 30 day period until the issues raised by the writ were resolved. It is clear that the Uniform Extradition Act's 30 day proscription responds primarily to commitments pending the receipt of the governor's warrant and not the scheduling of habeas corpus proceedings afterwards.

As earlier stated, Robinson was arrested prior to requisition on a fugitive from justice charge authorized under title 42 Pa.C.S. §9134 and released on bail by bond conditioned for his appearance before the district justice at a time specified in such bond and for his

surrender to be arrested upon the warrant of the governor of this Commonwealth. See 42 Pa.C.S. §9137. It is clear from the record that defendant, on October 1, 1993 filed with the clerk of court's office a motion to quash warrant (the fugitive from justice warrant) averring that the complaint (a) does not contain an affidavit of any credible person of another state that a crime was committed in that state; and (b) failed to attach a certified copy of the sworn charge or complaint and affidavit upon which the warrant of arrest is issued as required by the statute. No challenge was made by the defendant that the governor's requisition papers had not been received within 30 days. Defendant waived the scheduled hearing before the district justice on October 14, 1993, thereby lodging the fugitive from justice charge with the clerk of courts. Defendant filed a second motion to quash the warrant on November 10, 1993, reiterating the same grounds set forth in the earlier motion and further noting that the defendant appeared for arraignment on November 5, 1993; however no arraignment was held. Again, defendant's petition did not challenge the absence of the governor's warrant but rather assailed perceived deficiencies under 42 Pa.C.S. §3194. The governor's warrant was served 82 days after the initial arrest and within 90 days as allowed under 42 Pa.C.S. §9138 (*i.e.*, the original 30 days plus a 60 day extension). We acknowledge that no extension was sought by the Commonwealth. It is also noteworthy that the Commonwealth was not precluded from rearresting the defendant on a new warrant. See *Commonwealth ex rel. Holcombe v. Strode*, 266 Pa. Super. 39, 402 A.2d 1067 (1979). Regardless, defendant acknowledged and the court affirmed that the production and service of the governor's requisition papers on November 17, 1993 rendered his motion to

quash moot. The Uniform Extradition Act does not establish time parameters within which a habeas corpus hearing must be held. In fact, case authority would suggest that a substantial period of time may elapse. See *Commonwealth v. Jacobs*, 319 Pa. Super. 531, 466 A.2d 671 (1983). Ultimately, we are mindful that the uniform extradition laws should be liberally construed in recognition of the need to protect against illegal action, but not so narrowly as to enable offenders asylum in the territory of another state. *Appleyard v. Massachusetts*, 203 U.S. 222, 51 L.Ed. 161, 27 S.Ct. 122 (1906).

Addressing finally defendant's contention that he is deprived of his right to challenge the lack of his presence in the State of Florida at the times of the alleged commission of the crimes, due to the indeterminate nature of the time period we do not believe we are in the position to rule upon the sufficiency or vagueness of the charges. *Commonwealth ex rel. Raucci v. Price*, 409 Pa. 90, 185 A.2d 523 (1962). The Commonwealth established the defendant's presence in the State of Florida during the time frame in which the offenses are alleged to have taken place, thus sustaining its burden of proof. Defendant's challenge to the defect in the information should be resolved in the demanding state prior to trial.

For the foregoing reasons, defendant's motion for writ of habeas corpus is denied. We further direct defendant to report to the Sheriff's Department of York County on February 22, 1994 whereupon he will be made available to be delivered to the Florida authorities within 10 days thereof, otherwise he shall be discharged if the Florida authorities fail to secure his person. We further direct that effective February 22, 1994 the defendant's bail is forefeited. An appropriate order shall be entered.

## ORDER

And now, to wit, February 2, 1994, defendant's, George Thomas Robinson's, motion for writ of habeas corpus is denied. We further direct defendant to report to the Sheriff's Department of York County on February 22, 1994, whereupon he will be made available to be delivered to the Florida authorities within 10 days thereof, otherwise he shall be discharged if the Florida authorities fail to secure his person. We further direct that effective February 22, 1994 the defendant's bail is forfeited.