2024 PA Super 8

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JAMES STROUSE | : | |
| | : | |
| Appellant | : | No. 2470 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 12, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000092-2022

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED JANUARY 18, 2024**

Christopher James Strouse ("Strouse") appeals from the judgment of sentence imposed after he pleaded guilty to fleeing or attempting to elude a police officer.[1]  We affirm in part and vacate in part.

In December 2021, police in Pike County arrested and charged Strouse with fleeing or attempting to elude a police officer and related offenses.  At the time of his arrest, Strouse was on probation in Bucks, Montgomery, and Philadelphia Counties.  Additionally, Strouse had an outstanding bench warrant in Florida.

In June 2022, Strouse pleaded guilty in the instant matter,[2] and on August 12, 2022, the trial court sentenced him to two years of probation.  The court's sentencing order required Strouse to "surrender to all active warrants

_____

[1] **See** 75 Pa.C.S.A. § 3733(a).

[2] The Commonwealth agreed to the dismissal of all other charged counts in exchange for the plea.  **See** Sentencing Order, 8/17/22 at 3.

within ten days" as a condition of probation. Sentencing Order, 8/12/22, at 2 (unnumbered). Additionally, the court suspended Strouse's driver's license for twelve months. *See id*.

Strouse timely filed a post-sentence motion for reconsideration of the probation condition to surrender on all active warrants. Strouse noted he was under probation supervision in Montgomery County until February 2023, in Philadelphia County until March 2024, and in Bucks County until April 2025. *See* Post-Sentence Motion, 8/17/22, at 1 (unnumbered).[3] He referenced his outstanding warrant in Florida and argued that he would violate the terms of his probation in the other Pennsylvania counties if he travelled to Florida to surrender. *See id*.

At a hearing on the post-sentence motion, Strouse testified that Florida had not sought his extradition. *See* N.T., 9/1/22, at 2-3. Discussing his communications with the other Pennsylvania counties concerning his surrender on the Florida warrant, Strouse indicated one county refused him permission to go to Florida until he paid fines and completed driver safety courses, another county "d[id not] care," and a third county had not responded to his inquiries. *Id*. at 3-4. Strouse's counsel focused on the ten-day period for Strouse to surrender on all warrants and requested the court allow him to either address the Florida warrant as a condition of his release

---

[3] We note Strouse later indicated that he had upcoming court dates for possible violation of probation proceedings in two of those counties. *See* N.T., 9/1/22, at 5.

from probation or wait until the other probation offices allowed him to leave the Commonwealth. *See id*. at 4, 7. Upon questioning by the Commonwealth, Strouse conceded that he had not filed motions to modify his probation in the other counties to accommodate his surrender on the Florida warrant. *See id*. at 5-6. The court denied relief, and Strouse timely appealed. Both he and the court complied with Pa.R.A.P. 1925.

Strouse raises the following issues for review:

I.    Did the sentencing court abuse its discretion when it imposed as a condition of [his] probation that he surrender to all active warrants within ten (10) days where said condition was not reasonably related to [his] rehabilitation . . .[?]

II.   Did the sentencing court abuse its discretion when it imposed as a condition of [his] probation that he surrender to all active warrants where such an order is, in effect, an extradition both outside its discretion and outside of the court's powers, and in violation of the rights afforded him under the Uniform Criminal Extradition Act[?4]

Strouse's Brief at 7 (some capitalization omitted).

Strouse's first issue implicates the reasonableness of the trial court's probation condition and presents a challenge to the discretionary aspects of sentencing. An appellant wishing to appeal the discretionary aspects of a sentence has no absolute right to do so and must petition this Court for permission to address his issue. *See Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020). To invoke this Court's jurisdiction, the appellant must establish he has: (1) timely appealed; (2) properly preserved his

---

4 *See* 42 Pa.C.S.A. §§ 9101-9148.

objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code. *See id*.

In the case *sub judice*, Strouse has timely appealed, objected to the reasonableness of the probation condition in his timely post-sentence motion, and included a Rule 2119(f) statement in his brief. Moreover, Strouse's issue that the probation condition was not reasonably related to his rehabilitation raises a substantial question that the condition was inconsistent with the Sentencing Code. *See Commonwealth v. Fullin*, 892 A.2d 843, 853 (Pa. Super. 2006). Thus, we will address Strouse's first issue.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Carr*, 262 A.3d 561, 568 (Pa. Super. 2021) (internal citation omitted).

A trial court must attach conditions of probation "it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). The court, among other conditions, may require the defendant

"[t]o do things reasonably related to rehabilitation." 42 Pa.C.S.A. § 9763(b)(15). The court has the discretion to fashion conditions of probation, but those conditions "must be reasonable and devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of law-abiding conduct." *Carr*, 262 A.3d at 568 (internal citation and quotation mark omitted).

Strouse asserts the probation condition to surrender himself on all active warrants is unrelated to his rehabilitation and unduly burdensome. He notes the condition requires his surrender on the Florida warrant. He argues his ability to travel is limited by his probation supervision in the other Pennsylvania counties and the suspension of his driver's license. He claims he cannot "easily comply" with the requirement he surrender on the Florida warrant without violating the terms of his probation in Bucks County. Strouse's Brief at 10.

The trial court, in relevant part, explained that it considered Strouse's arguments to modify the probation condition that he surrender on all active warrants and denied relief because Strouse had not sought modification of his probation supervision in the other counties. *See* Trial Court Opinion, 11/16/22, at 3. The court also noted that if the other counties refused him permission to leave Pennsylvania, Strouse could then request a modification of the condition. *See id*. The court further asserted that Strouse had yet to suffer sanctions due to his failure to surrender to Florida authorities within ten days of the sentencing order. *See id*.

Following our review, we perceive no abuse of discretion in the trial court's imposition of the probation condition or its refusal to modify the terms of the condition. A condition to surrender on all active warrants reasonably promotes a defendant's recognition of his wrongdoing and encourages his law-abiding conduct. Strouse does not assert that the condition is unreasonable as a general matter. His claim focuses on his particular circumstances, namely, being the subject of probationary supervision in three other Pennsylvania counties and having an active warrant in another state. We acknowledge that Strouse, as he notes, could not "easily comply" with the probation condition under these circumstances. Yet, these circumstances were of Strouse's own making. Here, the probation condition was not unduly burdensome in requiring Strouse to confront the consequences of his crimes, work promptly and in good faith with the justice system to resolve the circumstances, and, if necessary, seek modification of the condition by presenting verifiable evidence of an actual inability to comply.[5] Thus, we will not disturb the probation condition requiring Strouse to surrender to all active warrants.

---

[5] We regard the probationary term giving Strouse a ten-day period to comply as moot since more than ten days passed from the trial court's entry of the sentencing order to the hearing on Strouse's post-sentence motion. Our decision that the probation condition was reasonable does not suggest that a blind enforcement of the ten-day provision would be proper at this point. However, the trial court decision not to modify that term was reasonable at the time of the post-sentence motion hearing to impress upon Strouse the need for prompt, good-faith efforts.

Strouse's second issue challenges the trial court's authority to impose a probation condition that amounts to a *de facto* extradition.

A sentence is illegal if no statutory authority exists for the sentence. *See Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889-90, 892 (Pa. Super. 2019) (holding that a probation condition enjoining a corporation from conducting any business within the Commonwealth for ten years lacked any statutory or common law authority and was illegal). "The legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*."[6] *Id*. at 889 (internal citation and quotation marks omitted). When reviewing the legality of a sentence, our standard of review is *de novo*, and our scope of review is plenary. *See id*.

Strouse observes that the Uniform Criminal Extradition Act (or "the Act") generally vests the executive with the authority to affect the extradition of individuals to another state and provides a defendant with procedural rights to challenge the causes of his detention and transfer. *See* Strouse's Brief at 18 (citing *Commonwealth v. Jacobs*, 466 A.2d 671, 674 (Pa. Super. 1983), which reversed an extradition order where the trial court failed to afford the

---

[6] Strouse did not raise this issue in his post-sentence motion or his Rule 1925(b) statement. *See Starr*, 234 A.3d at 759; *see also Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002) (concluding that the failure to include a discretionary aspect of sentencing claim in a Rule 1925(b) resulted in waiver). The trial court did not address this issue in its Rule 1925(a) opinion. Nevertheless, we will address Strouse's issue to the extent it implicates the legality of sentencing. *Cf. Commonwealth v. Wilson*, 67 A.3d 736, 745 (Pa. 2013) (invalidating a probation condition permitting suspicionless searches of a probationer).

defendant reasonable time to challenge the legality of his detention on an extradition warrant). He concludes the trial court did not have the authority to affect an extradition and disregard his procedural rights under the Act.

Strouse's arguments lack any legal or record support. As stated above, the Sentencing Code authorizes the trial court to impose a probation condition that requires a defendant "[t]o do things reasonably related to rehabilitation" 42 Pa.C.S.A. § 9763(b)(15). Strouse attempts to manufacture a conflict between the trial court's authority to impose a probation condition and the procedures governing an extradition where none exist. "Extradition is a constitutionally mandated process . . .." **Jacobs**, 466 A.2d at 674; **see also** U.S. Constitution, Article IV, Section 2, Clause 2. Extradition generally involves a demand from the executive of one state to detain and return an individual found and in custody in another state. **See Jacobs**, 466 A.2d at 672-73. Here, there is no indication in the record that Strouse was arrested or detained on the Florida warrant or that Florida requested his extradition. Thus, the trial court's probation condition was not a formal or *de facto* extradition, and Strouse's attempts to limit or invalidate the trial court's authority to order he surrender on the Florida warrant is misplaced. Therefore, his second issue fails.

Lastly, we consider, *sua sponte*, whether the trial court had the authority to suspend Strouse's driver's license. **See** Sentencing Order, 8/12/22, at 2 (unnumbered); **Pi Delta Psi**, 211 A.3d at 889. Section 1532(b)(3) of the Motor Vehicle Code provides that the Department of Transportation (also

- 8 -

referred to as "the department") "shall suspend the operating privilege of any driver for [twelve] months upon receiving a certified record of the driver's conviction of section 3733 (relating to fleeing or attempting to elude police officer) . . .." 75 Pa.C.S.A. § 1532(b)(3).

Our Supreme Court has stated that "Pennsylvania's Motor Vehicle Code sets forth a statutory scheme which requires the executive branch of government to issue and regulate motor vehicle licenses." ***Commonwealth v. Mockaitis***, 834 A.2d 488, 500 (Pa. 2003). This Court's prior decisions have interpreted language similar to section 1532(b)(3) as both authorizing the Department of Transportation to suspend driver's licenses and limiting the judiciary's role to determinations of guilt for predicate offenses. ***See Commonwealth v. Thornton,*** 1180 WDA 2022, 2023 WL 5769464, at *5 (Pa. Super. 2023) (unpublished memorandum); ***Commonwealth v. Zeruth,*** 2172 EDA 2022, 2023 WL 3092768, at *2-3 (Pa. Super. 2023) (unpublished memorandum); ***Commonwealth v. Kandel***, 954 MDA 2022, 2023 WL 2767688, at *2-4 (Pa. Super. 2023) (unpublished memorandum).[7] Here, we likewise conclude section 1532(b)(3) vests the department with the power to suspend a driver's license, and the trial court exceeded its authority in ordering a license suspension. Therefore, we vacate the portion of the

---

[7] ***See*** Pa.R.A.P. 126(b) (providing that unpublished memoranda filed by this Court after May 1, 2019, may be cited for their persuasive value).

sentence suspending Strouse's driver's license as illegal. *See Pi Delta Psi*, 211 A.3d at 889-90.

In sum, Strouse's challenges to the probation condition requiring him to surrender on all active warrants merit no relief. The trial court's order suspending Strouse's driver's license, however, was illegal. Thus, we vacate that portion of the judgment of sentence ordering a license suspension and affirm in all other respects.[8]

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/18/2024

---

[8] Nothing in our decision affects the department's authority to suspend Strouse's license.