**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARISSA LYNN PUHAC | : | |
| | : | |
| Appellant | : | No. 669 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000441-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:                  **FILED:  January 29, 2025**

Marissa Lynn Puhac appeals from the judgment of sentence of eighteen to thirty-six months of imprisonment imposed after she entered a no-contest plea to endangering the welfare of a child ("EWOC").  We affirm.

By way of background, Appellant was charged with EWOC, corruption of minors, and simple assault based upon her abuse of her eight-year-old child between May 2022 and December 2022.  Specifically, Appellant pinched the child's legs, leaving marks, and choked the child on multiple occasions.  The child also witnessed Appellant snorting white substances and falling into deep sleeps, and because of the effects of Appellant's substance abuse, believed that Appellant had a flesh-eating disease.

At the plea hearing, Appellant pled no contest to EWOC, and in exchange the Commonwealth *nol prossed* the remaining charges.  The court postponed

sentencing to conduct a pre-sentence investigation and a drug and alcohol evaluation. Before concluding the plea hearing, the trial court warned Appellant that even though the Commonwealth recommended a five-year probationary sentence, the court could still sentence her to imprisonment and advised her to pass her drug test.

At sentencing, the trial court was informed that Appellant tested positive for cocaine, fentanyl, amphetamines, and methamphetamines. Appellant presented two witnesses, her parents, who testified to Appellant's good character. They also discussed the reason Appellant had recently been hospitalized, which they claimed was because Appellant "pick[ed] at" her arm, but the court believed it was because of drug use. *See* N.T. Sentencing Hearing, 11/20/23, at 14-15. After considering Appellant's criminal history, drug addiction, and failure to seek rehabilitation on her own, the court sentenced her to eighteen to thirty-six months of incarceration and placement in the state drug treatment program.

Appellant did not file a post-sentence motion or direct appeal, but filed with the trial court a hand-written letter, which the court interpreted as a *pro se* petition pursuant to the Post Conviction Relief Act, stating that her counsel was ineffective for failing to file an appeal. The court appointed counsel, who filed an amended petition to reinstate Appellant's direct appeal rights *nunc pro tunc*, which the court granted. The amended petition did not seek to reinstate Appellant's post-sentence rights, and the court did not grant relief in this

regard. Appellant timely appealed, and she and the trial court complied with Pa.R.A.P. 1925.

In her brief, Appellant presents the following issue for our determination: "Whether the trial court abused its discretion and erred in sentencing Appellant to incarceration, rather than probation, resulting in an unreasonable and excessive sentence?" Appellant's brief at i.

Appellant's argument implicates the discretionary aspects of her sentence. It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa.Super. 2024). To invoke this Court's jurisdiction, an appellant must satisfy the following four-part test by demonstrating that she: "(1) timely appealed; (2) properly preserved [her] objection in a post-sentence motion; (3) included in [her] brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Strouse*, 308 A.3d 879, 882 (Pa.Super. 2024).

Appellant has met the first and third prongs of the above test, as she timely appealed her judgment of sentence *nunc pro tunc* and included in her brief a concise statement of reasons relied upon for appeal. However, Appellant did not meet the second prong of the test because she did not preserve her issue either by objecting at the sentencing hearing or by filing a

post-sentence motion, despite being advised of her post-sentence rights. **See** N.T. Plea Hearing, 9/4/23, at 2-3; N.T. Sentencing Hearing, 11/20/23, at 2-3 (advising Appellant that "if you are going to challenge the discretionary aspects of sentencing, then you must come before this [c]ourt first with a post-sentence motion"). Consequently, this issue is waived. **See Commonwealth v. Heaster**, 171 A.3d 268, 272 (Pa.Super. 2017) ("Appellant did not file a post-sentence motion. Moreover, Appellant did not present an objection on this basis during his sentencing hearing. Accordingly, we deem this issue to be waived.").

Therefore, because Appellant has not preserved her challenge to her judgment of sentence, we have no basis to disturb it.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/29/2025