J-A15013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAZARETH N. SHOFFNER | : | |
| | : | |
| Appellant | : | No. 1525 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001965-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAZARETH N. SHOFFNER | : | |
| | : | |
| Appellant | : | No. 1526 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002057-2023

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED JULY 15, 2025**

Nazareth Shoffner appeals from the aggregate judgment of sentence of fourteen to twenty-eight years of imprisonment imposed after he pleaded guilty to one count each of possession with intent to deliver a controlled

_____

[*] Former Justice specially assigned to the Superior Court.

substance and drug delivery resulting in death. Appellant challenges the discretionary aspects of the consecutively imposed sentences. We affirm.

The trial court offered the following factual background:

> On March 25, 2024, [Appellant] pled guilty to possession with intent to deliver [ninety-nine] grams of fentanyl on information number 1965. A search warrant was executed on a residence occupied by [Appellant] and located on Martin Street in Hanover Township, Luzerne County, Pennsylvania. During the search, the Pennsylvania State Police recovered in excess of one thousand fentanyl tablets, a digital scale, plastic baggies, $6,364.00 in United States currency and five cellular phones.

> On March 25, 2024, [Appellant] also pled guilty to drug delivery resulting in death on information number 2057. [Appellant] sold fentanyl to a 21 year old female and another individual. The 21 year old female died as a result of using the fentanyl.

Trial Court Opinion, 12/12/24, at 1-2.

At the ensuing sentencing hearing, the court initially certified that both parties had adequately reviewed the pre-sentence investigation ("PSI") report and had no additions or corrections. *See* N.T. Sentencing, 6/13/24, at 2. Thereafter, the Appellant addressed the court to offer an apology to the victim's family. In detail, Appellant apologized for his actions and explained that he "never did anything like this before and [he] will never do anything like this again." *Id.* at 3-4 (cleaned up). Appellant's counsel advocated for lower, concurrent sentences within the standard range because Appellant accepted responsibility on both counts by pleading guilty, avoided putting the victim's family through an emotional trial by admitting guilt, has had no

infractions since his incarceration, and demonstrated remorse along with a willingness to be a better person moving forward. *Id*. at 4-6.

Conversely, the Commonwealth emphasized that each of the pills seized during the search of Appellant's residence contained fentanyl. *Id*. at 6. It further asserted that the two young women in this case were not hardcore drug users, but rather the victim died after splitting what she believed was one Percocet pill. *Id*.

At the conclusion of the hearing, the court noted that it had reviewed the PSI report thoroughly in addition to the two impact statements from the victim's family and the sentencing guidelines. The court also considered "the protection of the public from Mr. Shoffner, the gravity of the offense, how it relates to the impact on the life of the victim and the life of her family going forward, and the rehabilitative needs of the [Appellant]." *Id*. at 7 (cleaned up). Ultimately, it imposed two consecutive terms of seven to fourteen years imprisonment, which were both within the standard range of the sentencing guidelines. *Id*. at 7-8.

Appellant's ensuing post-sentence motion sought a reduction in the duration of each sentence and requested that the court impose the terms concurrently. The court denied the motion and these timely appeals followed.[1] Appellant complied with the trial court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)

---

[1] On November 6, 2024, this Court consolidated the appeals for briefing and disposition.

by filing identical statements in both cases.[2]  Appellant raises one issue for our review: "Whether the trial court issued a sentence that was excessive and unduly harsh that constitutes an abuse of discretion?"  *See* Appellant's brief at 1.

Appellant's argument implicates the discretionary aspects of his sentence, for which there is no absolute right to appeal.  ***Commonwealth v. Brown***, 249 A.3d 1206, 1210 (Pa.Super. 2021).  Rather, to invoke this Court's jurisdiction, we are required to assess:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Lawrence***, 313 A.3d 265, 284 (Pa.Super. 2024) (citation omitted).  Since the appeal is timely and Appellant's brief includes a Rule 2119(f) statement, we must determine both whether Appellant preserved the sentencing issue and whether the statement of reasons raises a substantial question.

_____

[2] The trial court maintains in its Rule 1925(a) opinion that Appellant waived appellate review of his discretionary sentencing issue by filing an exceedingly vague Rule 1925(b) statement.  While we agree that Appellant's statement is somewhat opaque, "waiver is not required in cases in which our ability to effectuate meaningful appellate review is not hindered." ***Commonwealth v. Lawrence***, 313 A.3d. 265, 283 (Pa.Super. 2024).  Here, the statement was sufficiently focused to put the trial court on notice of the issue that Appellant intended to raise on appeal, and the court evaluated the merit of Appellant's claim.  Accordingly, waiver is not warranted.

To preserve a discretionary sentencing issue for our review, "appellant must raise his issues at sentencing or in a post-sentence motion." *Id*. Appellant's post-sentence motion for reconsideration alleged that his sentences were unduly harsh in relation to his rehabilitative needs, as the court seemingly failed to consider numerous mitigating factors, *i.e.*, that he pleaded guilty and accepted responsibility for his conduct, has six minor children, and was cooperative with law enforcement. *See* Motion for Reconsideration of Sentence, 6/17/24, at ¶¶ 7. Thus, we are satisfied that Appellant complied with the procedural aspects of his discretionary sentencing challenge by timely appealing, preserving his challenge in a post-sentence motion, and including a Rule 2119(f) statement in his brief. Accordingly, we proceed to analyze whether he presented a substantial question.

A substantial question "exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Brown*, 249 A.3d at 1211. This court's evaluation is conducted on a case-by-case basis, where we "examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Id*.

In his Rule 2119(f) statement, Appellant contends that the trial court failed to consider his remorse and limited criminal record and therefore "erred in issuing consecutive sentences in the upper level at the standard range resulting in a sentence that was excessive and unduly harsh and thus qualifies as a substantial question requiring discretionary review." *See* Appellant's

brief at 3. Accordingly, Appellant has raised a substantial question for our review. ***Commonwealth v Hill***, 210 A.3d 1104, 1116 (Pa.Super 2019)(holding, appellant raised a substantial question where he averred that the trial court failed to consider mitigating factors in conjunction with an assertion that the sentence was manifestly excessive).

Thus, we proceed to the merits of Appellant's claim. Our standard of review for challenges to the discretionary aspects of sentencing follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Strouse***, 308 A.3d 879, 883 (Pa.Super. 2024) (citation omitted).

When imposing a sentence, "the sentencing courts must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant." ***Lawrence***, 313 A.3d at 286 (quoting ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006)) (cleaned up). Where the sentencing court has reviewed a PSI report, "it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein." ***Brown***, 249 A.3d at

1212. Likewise, where the court imposes a sentence that is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Hill*, 210 A.3d at 1117. To explain its sentencing decision, "a sentence court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question." *Commonwealth v. Davis*, 241 A.3d 1160, 1178 (Pa.Super. 2020)(cleaned up). Moreover, this Court may not reweigh sentencing elements "where the lower court was fully aware of all mitigating factors." *Lawrence*, 313 A.3d at 268 (citation omitted) (cleaned up).

Appellant argues that the court abused its discretion in issuing consecutive terms of seven to fourteen years of incarceration on each case because it failed to consider mitigating factors. *See* Appellant's brief at 8-9. Specifically, he contends that the court neglected to consider his remorse, limited criminal record, and the effect that the aggregate fourteen to twenty-eight year term of incarceration would have on his rehabilitative needs. *Id*. at 8. Notwithstanding the principle that a sentence within the standard range is viewed as appropriate under the Sentencing Code, Appellant further contends that his sentence is clearly unreasonable in light of the omissions. *Id*. at 9. We disagree.

Contrary to Appellant's assertion that the court ignored his remorse and rehabilitative needs, the sentencing court expressly cited its review of all

relevant mitigating factors before rendering its decision. *See* N.T. Sentencing, 6/13/24, at 7-8. Specifically, the court noted at the sentencing hearing that it had reviewed the PSI report thoroughly, along with the two victim impact statements, the sentencing guidelines, and the facts of both cases. *Id*. The court further reiterated its review of the PSI report in its Rule 1925(a) opinion, where it confirmed that it imposed the standard range sentence only after considering all of the information contained in the report. *See* Trial Court Opinion, 12/12/24, at 6. In addition, the court specifically articulated at the sentencing hearing that it appraised the factors set out in 42 Pa.C.S. § 9721(b) by considering the "protection of the public from Mr. Shoffner, the gravity of the offense, how it relates to the impact on the life of the victim and the life of her family going forward, and the rehabilitative needs of the [Appellant]." *See* N.T. Sentencing, 6/13/24, at 7.

The trial court's reasoning is sound. The standard range minimum sentences for both possession with intent to deliver fentanyl and drug delivery resulting in death are seventy-two to ninety months based on Appellant's prior record score of two. *See* Trial Court Opinion, 12/12/24, at 6. The court imposed eighty-four month minimum terms on both offenses. These standard-range sentences are presumptively reasonable. *See Hill*, 210 A.3d at 1117.

Furthermore, the court did not abuse its discretion in fashioning a sentencing scheme based on consecutive standard-range sentences for

separate drug offenses committed three weeks apart where Appellant's actions caused the death of a young woman. *See e.g., Commonwealth v. Saunders*, 272 A.3d 491 (Pa.Super. 2022) (non-precedential decision) (holding that the trial court did not abuse its discretion in imposing consecutive, standard-range sentences for appellant's convictions of drug delivery resulting in death and criminal use of a communication facility, having properly weighed all relevant mitigating factors). Where, as here, the sentencing court had the benefit of a PSI report and reviewed all necessary factors prior to issuing Appellant's sentence, this Court may not re-weigh factors that the sentencing court already considered. *See Lawrence*, 313 A.3d at 286. Thus, we discern no abuse of the trial court's discretion in sentencing Appellant to fourteen to twenty-eight years of imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025