J-S22026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS ALFREDO PADIN-PIZARRO | : | |
| | : | |
| Appellant | : | No. 1561 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 18, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001077-2022

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 25, 2025**

Luis Alfredo Padin-Pizarro appeals from the judgment of sentence entered after he pled guilty to possession with intent to deliver a controlled substance ("PWID").  We affirm.

The trial court offered the following factual background:

> From May to August of 2020, the Lebanon City Police Department investigated several drug overdose death cases.  It was reported that the victims had purchased and consumed counterfeit Percocet tablets infused with fentanyl.  After a lengthy investigation that included cooperation with federal law enforcement agencies, [Appellant] and several co-conspirators were charged with [fifteen counts under] the Crimes Code and the Controlled Substance, Drug Device and Cosmetic Act.  It was alleged that they participated in a conspiracy to possess and deliver fentanyl between May 2020 and February 2022.

---

[*] Former Justice specially assigned to the Superior Court.

Trial Court Opinion, 1/6/25, at 3. Appellant was described to be "the top rung of the ladder who was primarily responsible for the day-to-day operations of this illegal enterprise." *Id*. at 2 (cleaned up).

Following two years of extensive pretrial proceedings, Appellant entered into an open guilty plea to one count of PWID, and the Commonwealth agreed to withdraw the remaining charges. The court deferred sentencing and ordered a pre-sentence investigation ("PSI") report. At the ensuing sentencing hearing, the Commonwealth detailed Appellant's involvement in the drug operation. It also noted that, based on his prior record score arising from a federal conviction for conspiracy to deliver heroin, the standard range for his minimum sentence for PWID was between six and one-half to seven and one-half years in prison.

Ultimately, the court sentenced Appellant to seven and one-half to fifteen years of incarceration. In so doing, it considered, *inter alia*, "the nature of the information presented to th[e c]ourt during pretrial proceedings[,]" and the dangers of fentanyl-laced Percocet tablets, including that the pills "were distributed widely in Lebanon County at great cost to the community[.]" N.T. Sentencing, 9/18/24, at 11-12.

Thereafter, Appellant attempted to file a *pro se* motion to reconsider his sentence, which was served on Appellant's counsel and the Lebanon County District Attorney's office. Counsel did not tender a post-sentence motion on

Appellant's behalf, however, and appealed directly.[1]  The court subsequently dismissed Appellant's *pro se* motion as improperly filed because Appellant was represented.  Counsel authored a court-ordered statement in accordance with Pa.R.A.P. 1925(b), and the trial court issued a responsive Rule 1925(a) opinion.[2]

Appellant presents the following issues for our determination:

1.  Whether the trial court erred in considering uncharged criminal conduct related to overdose deaths in Lebanon County as a sentencing factor and predicated its sentence thereon?

2.  Whether the trial court erred in considering an arrest that did not lead to a conviction and predicated its sentence thereon[?]

Appellant's brief at 3.

Both of Appellant's claims challenge the discretionary aspects of his sentence.  ***See Commonwealth v. Berry***, 323 A.3d 641, 646 (Pa. 2024)

---

[1] We note that Appellant's notice of appeal was timely filed on the thirtieth day pursuant to Pa.R.A.P. 903(a), notwithstanding that the Lebanon County clerk of courts erroneously rejected it as defective.  ***See Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) ("The clerk of courts . . . lacks authority to reject, as defective, a timely notice of appeal."); ***see also*** Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.").

[2] We remind the trial court that in each Rule 1925 order, it must specify "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement[,]" and "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) **shall** be deemed waived."  Pa.R.A.P. 1925(b)(3)(iii)-(iv) (emphasis added).

(acknowledging that an argument asserting "that the sentencing court abused its discretion by crafting a sentence based at least in part upon [Appellant's] arrest record" is a challenge to the discretionary aspects of one's sentence). Issues concerning the discretionary aspects of a sentence are not appealable as of right. *See Commonwealth v. Brown*, 259 A.3d 1206, 1210 (Pa.Super. 2021). Rather, to invoke this Court's jurisdiction, an appellant must demonstrate that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Strouse*, 308 A.3d 879, 882 (Pa.Super. 2024).

As to the second prong, a discretionary sentencing issue is waived if it was not raised "at sentencing or in [a] post-sentence motion." *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa.Super. 2015). An appellant must object to his sentence after it is imposed to give the court "an opportunity to reconsider or modify" it, and the "failure to do so deprives the trial court of this chance." *Commonwealth v. Perzel*, 291 A.3d 38, 48 (Pa.Super. 2023) (cleaned up).

Appellant has failed to invoke this Court's jurisdiction because he did not object to his sentence after it was imposed, nor did he preserve his issues in a post-sentence motion. Instead, while counseled, he submitted a *pro se*

post-sentence motion to reconsider his sentence. The trial court correctly rejected it as improperly filed because Appellant was represented. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016) (stating that "*pro se* motions have no legal effect" where an appellant is represented by counsel and "are legal nullities"). As noted, counsel did not submit a post-sentence motion, opting alternatively to appeal directly. Therefore, the absence of a proper post-sentence motion or sentencing challenge deprived the trial court of the "opportunity to reconsider or modify" Appellant's sentence. *Perzel*, 291 A.3d at 48. Accordingly, we may not address the merits of his claims.[3]

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/25/2025

---

[3] Moreover, Appellant did not include a concise statement of the reasons relied upon for allowance of appeal as required by Rule 2119(f). The Commonwealth declared that this error rendered the appeal fatally defective. *See* Commonwealth's brief at 9. Thus, we would find Appellant's arguments waived for this additional reason. *See Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa.Super. 2016) (explaining that where the Commonwealth objects to an omission of a Rule 2119(f) statement, "the sentencing claim is waived for purposes of review").