J-S33011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
QUAYSHAWN JEFFERSON   :
  :
Appellant   :   No. 442 EDA 2025

Appeal from the Judgment of Sentence Entered November 13, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003659-2024

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:         **FILED DECEMBER 23, 2025**

Quayshawn Jefferson appeals from the judgment of sentence of time served to two years less one day in prison, followed by three years of probation, imposed following his guilty plea to unauthorized use of an access device.  Jeffrey G. Velander, Esquire, has petitioned to withdraw in this Court and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant the petition to withdraw and affirm the judgment of sentence.

The Commonwealth provided the following factual basis for Appellant's plea:

On August 17th, 2024, Officer [Chelsea] Yenca of [the] Allentown Police Department responded to Coughlin's TV Service on 17th Street[,] Lehigh County, Pennsylvania.  When they met with Mr. Coughlin, he reported that on August 5th, 2024, a male and female entered the store to purchase televisions.  They purchased two televisions, one for $238.50, and a second for $687.94.  The

individual buying the televisions used Apple Pay on his cellular phone, and he provided an ID with the name of Ryan Allaire [and listing] an address [in] New Jersey. The point-of-sale system processed the Apple Pay payment. The televisions were delivered.

On August 16th, Mr. Coughlin received notification from his bank account that there were two debits in those exact amounts noticed earlier. He contacted the bank and learned that the charges on the Apple Pay Account were declined, and the funds were taken back from Coughlin's TV Service. Coughlin provided [to Officer Yenca] video surveillance of the transactions, receipts issued to the alleged Mr. Ryan Allaire, and signature, and photographs of the white BMW that they arrived in.

Through extensive police work and intelligence in local agencies, they were able to eventually identify the person who was using the name of Ryan Allaire as [Appellant]. They compared the photographs that they obtained of [Appellant] to the photographs in the video surveillance from Coughlin's TV Service and found it to be the same person.

N.T. Guilty Plea and Sentencing, 11/13/24, at 6-7.

Based on the above, Appellant was charged with unauthorized use of an access device, forgery, identity theft, and theft by unlawful taking. The Commonwealth offered the following deal to Appellant, as summarized by the trial court:

[Appellant] would plead guilty to count [one], that's [unauthorized use of an access device], and that's graded as a felony of the third degree. A felony of the third degree carries a maximum of [seven] years in jail and a $15,000 fine. The remaining charges will be withdrawn. The agreement is that [Appellant] will receive a time-served sentence, and [he] will be paroled to [a] Northampton County detainer [for an open charge].

*Id*. at 3-4.

Appellant accepted this proposal, waived a presentence investigation report, and proceeded immediately to sentencing. The Commonwealth

- 2 -

informed the court of Appellant's criminal history, including three unrelated larcenies. *Id*. at 11. Appellant explained that he stole the televisions to furnish his apartment and did not have the funds to purchase them because of his rent and car leases. *Id*. at 10. Consistent with the plea agreement, the court imposed a sentence of time served, which at that point had been two months and twenty days, to a maximum of two years less one day of confinement, followed by three years of probation. Appellant was also immediately paroled on the Northampton County detainer.[1] Thereafter, he filed a counseled post-sentence motion seeking reconsideration of the term of probation, which the court denied on November 22, 2024.

On December 18, 2024, Appellant sent a *pro se* letter to the court seeking to appeal. The court, on December 27, 2024, ordered a Pa.R.A.P. 1925(b) concise statement of errors within twenty-one days, which was also served on the Public Defender's Office.[2] Appellant did not file a statement.

At some point after the plea, Attorney Velander entered his appearance on Appellant's behalf. On December 27, 2024, instead of filing a concise

_____

[1] As explained by Attorney Velander, "[a] parole detainer from Northampton County had been lodged at the Lehigh County Jail, and Appellant was to be transported to the Northampton County Jail immediately following the sentencing hearing." *Anders* brief at 20.

[2] In contravention of Rule 1925(b)(3)(iii), the court's concise statement order failed to specify "that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

statement, counsel submitted a second notice of appeal. The trial court ordered Attorney Velander to file a concise statement within twenty-one days.[3] Counsel timely complied.

The court entered separate Rule 1925(a) opinions for the two appeals. First, with respect to the *pro se* appeal, the court opined that Appellant waived any issues because he failed to file a concise statement. As to the appeal filed by Attorney Velander, the court concluded that it was untimely, but nevertheless addressed the issue raised in the concise statement. In this Court, Attorney Velander filed a motion to consolidate, and we issued a rule to show cause why the appeal submitted by counsel should not be dismissed as untimely and duplicative. Upon consideration of Attorney Velander's response, this Court denied the motion and quashed the appeal initiated by counsel. We must now determine whether Appellant has preserved his issues for appeal.

Despite Appellant being represented by the Public Defender's Office, his timely *pro se* notice of appeal was effective. ***See***, ***e.g.***, ***Commonwealth v. Hopkins***, 228 A.3d 577, 580-81 (Pa.Super. 2020) (observing that, while hybrid representation is disallowed, "when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect"). Accordingly, counsel's notice of appeal was unnecessary, and he was *per se*

_____

[3] This order likewise failed to meet the requirements of Rule 1925(b)(3)(iii).

ineffective for neglecting to file a Rule 1925(b) statement following Appellant's self-represented notice of appeal. In such cases, our typical remedy would be to remand for the filing of a Rule 1925(b) statement. However, because counsel submitted a statement in the duplicative appeal, and the court addressed the issue raised therein, we will proceed to the merits utilizing that Rule 1925(a) opinion. *See Commonwealth v. Baldassano*, 330 A.3d 1255, 1259 (Pa.Super. 2025) (explaining that when counsel fails to file a timely concise statement of errors, remand is often required[,] except where the trial court addresses the issues raised in an untimely statement).

Since Attorney Velander has filed an *Anders* brief and petition to withdraw, the following legal precepts apply to our analysis:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Falcey***, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Attorney Velander has complied with the requirements set forth above. He summarized the procedural and factual history of this matter with citations to the record. ***See Anders*** brief at 6-10. Counsel has also set forth an arguably meritorious issue and cites legal authority to support his conclusion that the appeal is nonetheless wholly frivolous. ***Id***. at 12-26. Finally, Attorney Velander provided Appellant with a letter advising him of his right to retain new counsel, proceed *pro se*, or respond to the petition. ***See*** Petition to Withdraw as Counsel. Appellant has not responded. Thus, we proceed to "make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (cleaned up).

Counsel sets forth one issue that could arguably support an appeal:

Whether the trial court's imposition of a three-year period of probation to be served consecutively to an agreed upon period of

- 6 -

total confinement and parole constitutes an abuse of discretion[, and] is [a] manifestly excessive and unreasonable sentence based upon the court improperly concentrating upon the severity of the crime [and] failing to properly and fully consider all mitigating evidence?

**Anders** brief at 4 (some capitalization altered).[4]

We begin with the applicable legal principles. Since questions concerning the discretionary aspects of sentencing are not appealable as of right, to garner this Court's review of the merits, an appellant must first demonstrate that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." **Commonwealth v. Strouse**, 308 A.3d 879, 882 (Pa.Super. 2024).

Sentencing "is a matter vested in the sound discretion of the sentencing judge," and therefore this Court reviews such a challenge for an abuse of discretion. **Commonwealth v. Davis**, 241 A.3d 1160, 1177-78 (Pa.Super.

_____

[4] We have conducted our independent review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." **Commonwealth v. Adams**, 327 A.3d 667, 669 (Pa.Super. 2024) (cleaned up). However, because Appellant's maximum term of imprisonment had not been negotiated, a challenge to the discretionary aspects of his sentence was also available. **See**, **e.g.**, **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa.Super. 2017).

2020) (cleaned up). A sentencing court "must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa.Super. 2024) (cleaned up). We further observe that "[t]he weighing of factors under [§ 9721(b)] is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up). Finally, where the court imposes a sentence that is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019).

The trial court concluded that the sentence it imposed was not excessive in light of Appellant's criminal history and the seriousness of his offense. The court explained that "[w]hen questioned about his prior criminal record, Appellant attempted to minimize the significance of his history of larcenous conduct as something that happened when he 'was a kid.'" Trial Court Opinion, 2/24/25, at 4 (citing N.T. Guilty Plea and Sentencing, 11/13/24, at 11). Additionally, the court "found significant, and telling, that Appellant explained that he could not pay for the televisions, which he wanted so that he could complete his new apartment, because he had used his funds to pay his automobile lease and apartment lease." *Id*. at 5. The court took this to

mean that "Appellant enjoys having material items, and is more than willing to engage in fraudulent acts to obtain those material items he otherwise cannot afford." *Id*.

In sum, the court stated that "upon considering the evidence presented at the time of sentencing in view of the requisite sentencing factors, [it] properly determined that Appellant's history of larcenous behavior and continued contempt for the consequences of his criminal actions clearly warrants ongoing community-based supervision following the conclusion of his parole period." *Id*. at 6.

Attorney Velander contends that an argument purporting to state that the consecutive term of three years of probation is excessive would be wholly frivolous because the court issued a standard-range sentence in accordance with the plea agreement. *See Anders* brief at 13. Counsel avers that a "bald claim of excessiveness" does not raise a substantial question and therefore would not garner this Court's review of the merits. *Id*. at 24 (cleaned up).

Even assuming that the four prongs of the jurisdictional test are met, we agree with counsel that this appeal is without any basis in law or fact. The trial court considered the seriousness of the current offense, the protection of the public, and Appellant's need for rehabilitation in accordance with § 9721(b). *See* N.T. Guilty Plea and Sentencing, 11/13/24, at 10-13; Trial Court Opinion, 2/24/25, at 4-6. As stated, this Court cannot reweigh certain sentencing factors as Appellant wishes. *See Taylor*, 277 A.3d at 593.

Additionally, the court imposed a presumptively reasonable sentence. Given Appellant's prior record score of two and offense gravity score of seven, the standard-range minimum for Appellant's crime was two to five months in prison. *See* N.T. Guilty Plea and Sentencing, 11/13/24, at 2. In accordance with the plea, the court imposed a minimum sentence of time served, which was two months and eighteen days, with immediate parole on the Northampton County detainer. Also, the maximum term of confinement for this offense was seven years, and the court imposed a maximum of two years less one day in prison, followed by three years of probation. Appellant's sentence, therefore, was presumably reasonable because it was within the standard range. *See Hill*, 210 A.3d at 1117. Hence, we discern no abuse of discretion.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional matters that counsel failed to address. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Accordingly, we grant Attorney Velander's petition to withdraw and affirm Appellant's judgment of sentence.

Petition of Jeffrey G. Velander, Esquire, to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025