J-S07006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDLEY THELISMOND | : | |
| | : | |
| Appellant | : | No. 869 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 27, 2023
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000539-2019

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:               **FILED: JUNE 18, 2026**

Lindley Thelismond appeals from the judgment of sentence of a term of imprisonment of fifty years to life following his conviction for first-degree murder. We affirm.

The trial court provided an extensive, detailed description of the facts underlying Appellant's conviction, supported by the certified record, which we need not restate herein. *See* Trial Court Opinion, 8/22/25, at 3-17. Succinctly, on the night of February 27, 2019, seventeen-year-old Appellant went to visit fellow Crips gang member Richard Andino. Another member of the Crips, James Jeter, joined them. Appellant and Jeter discovered they were both from Brooklyn, then got into an argument which started by Appellant becoming defensive and ended with Appellant shooting Jeter three times and fleeing out a back alley, where Appellant discarded his jacket along with the

murder weapon and other firearms. Andino called 911, but Jeter was declared dead at the scene after failed attempts to resuscitate him, as one of the bullets went through his lung and heart. Appellant was arrested shortly thereafter.

At Appellant's subsequent trial,[1] the Commonwealth offered, *inter alia*, the testimony of eyewitness Andino, forensic evidence pointing to Appellant as the shooter, physical evidence obtained from a search of Appellant's bedroom, a recording in which Appellant apologized to Andino, and a video depicting Appellant wearing the jacket recovered from the alley. The jury found Appellant guilty of murder in the first degree, and the trial court subsequently sentenced him as indicated above. This appeal followed.[2]

Appellant presents the following questions to this Court:

1. Whether the trial court erred in denying [Appellant]'s motion for a new trial on the basis that the Commonwealth failed to present sufficient evidence that [Appellant] formed and held

_____

[1] The trial did not occur until June 2022, as the trial court had granted a pretrial motion precluding the Commonwealth from offering evidence of Appellant's gang affiliation and the Commonwealth filed an interlocutory appeal to this Court. We vacated and remanded for the court to consider whether the evidence was admissible pursuant to the *res gestae* doctrine. **See Commonwealth v. Thelismond**, 273 A.3d 1054, 2022 WL 443368 (Pa.Super. 2022) (non-precedential decision). The court ultimately ruled in favor of the Commonwealth on the issue, allowing it to present some of the evidence at trial.

[2] Appellant's initial appeal, taken following the denial of his post-sentence motions, was dismissed on December 29, 2023, for the failure of Appellant to file a brief. This appeal followed the reinstatement of his direct appeal rights. Appellant *sua sponte* filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal along with his notice of appeal, and the trial court prepared a responsive Rule 1925(a) opinion.

a specific intent to kill to support the jury's verdict of guilty for first-degree homicide?

2.  Whether the trial court erred by denying [Appellant]'s motion for a new trial on the basis that the jury's verdict of guilty was against the weight of the evidence where the individual found by police in possession of the relevant firearm tested positive for gunshot residue and was not eliminated by DNA testing, and [Appellant]'s hands did not test positive for gunshot residue and the same swab used to test for DNA on the firearm was used on multiple parts of the firearm?

3.  Whether the trial court erred by denying [Appellant]'s pre-trial motion to suppress evidence recovered from his bedroom without a warrant?

4.  Whether the trial court erred by denying [Appellant]'s motion to dismiss under Pa.R.Crim.P. 600 without first providing [Appellant] a hearing as required under that rule?

5.  Whether the trial court erred by denying [Appellant]'s motion *in limine* and admitted evidence of [his] gang affiliation and ties to New York City?

6.  Whether the trial court erred by overruling [Appellant]'s objection to the admission and publication of video depicting [him] holding large sums of money?

7.  Whether the trial court erred in crafting a sentence in this matter by not considering the requisite statutory matters of the lack of criminal sophistication of the crime as well as [Appellant]'s age, mental capacity, and lack of juvenile delinquency?

Appellant's brief at 6 (unnecessary capitalization omitted).

The following legal principles apply to our review of Appellant's claims.

As to Appellant's sufficiency challenge, we bear in mind:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence,

we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa.Super. 2018) (cleaned up).

Appellant's contention that the verdict was against the weight of the evidence is governed by the following principles:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Beatty***, 227 A.3d 1277, 1286 (Pa.Super. 2020) (cleaned up).

We have explained our standard of review for the denial of a suppression motion thusly:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are

bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*.

***Commonwealth v. Graham***, 353 A.3d 225, 229–30 (Pa.Super. 2026) (cleaned up).

Appellant's remaining issues, raising Rule 600, evidentiary, and sentencing challenges, are all subject to review for an abuse of discretion. ***See Commonwealth v. Cruz***, 348 A.3d 1199, 1207 (Pa.Super. 2025) (Rule 600); ***Commonwealth v. Dodd***, 339 A.3d 514, 517 (Pa.Super. 2025) (admission of evidence); ***Commonwealth v. Strouse***, 308 A.3d 879, 883 (Pa.Super. 2024) (discretionary aspects of sentencing). In this vein:

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

***Cruz***, 348 A.3d at 1207 (cleaned up).

After a thorough review of the certified record, the parties' briefs, and the applicable law, we discern no error of law or abuse of discretion on the part of the trial court as to the issues raised by Appellant, and we affirm the judgment of sentence on the basis of the well-reasoned opinion that the Honorable Charles T. Jones, Jr., entered on August 22, 2025.

Specifically, Judge Jones properly rejected Appellant's argument that the evidence was insufficient to establish that he shot Jeter with the specific

intent to kill, as such can be inferred from his use of a deadly weapon on a vital part of the body. *See* Trial Court Opinion, 8/22/25, at 18-20. The court's explanation of the denial of Appellant's weight claim reflects a thoughtful review of the evidence and no abuse of discretion in concluding that the verdict did not shock the court's conscience.[3] *Id*. at 20-22. Concerning Appellant's suppression motion, Judge Jones aptly observed that the warrantless search of Appellant's bedroom was constitutionally sound because the police conducted the search pursuant to the consent of the lessee of the residence where Appellant had been staying, who had at least apparent, if not actual, authority to allow the search. *Id*. at 22-26, Exhibit A at 11-12.

The court concedes that Rule 600 required it to hold a hearing concerning the delay in bringing Appellant to trial, but Judge Jones properly classifies that error as harmless error. Appellant argues that there was an "issue of whether or not the time associated with the Commonwealth's interlocutory appeal was attributable to [Appellant] for Rule 600 purposes, or excusable if attributable to the Commonwealth." Appellant's brief at 32. However, Judge Jones adequately explains that the factual basis for the delays

---

[3] Appellant's weight challenge boils down to the assertion that Andino's testimony "was filled with problems" such that "it is questionable which evidence is to be believed." Appellant's brief at 26-27. However, "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict[,]" and it was for the trial judge, "having observed the proceedings," to assess the weight of the evidence, not this Court. *See Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa.Super. 2014).

in the case was ascertainable from the docket, and the time attributable to the Commonwealth's successful interlocutory appeal was excludable from the Rule 600 computation. *See* Trial Court Opinion, 8/22/25, at 26-33. *See also Commonwealth v. Risoldi*, 238 A.3d 434, 453 (Pa.Super. 2020) (explaining that the delay caused by a good faith interlocutory appeal by the Commonwealth is excluded even if the appeal is unsuccessful).

As for Appellant's contentions that evidence of his gang involvement and the video of him wearing the recovered jacket while handling a large amount of cash were improper other-bad-acts evidence, the court identified valid bases for the evidence to be admitted and explained how their probative value outweighed the potential for prejudice. *See* Trial Court Opinion, 8/22/25, at 33-38.

Finally, we ascertain no abuse of discretion in the court's sentencing decision.[4] The court supported the propriety of Appellant's sentence by discussing how it reviewed and considered the relevant information, including the presentence investigation report, Appellant's mitigating evidence, and Appellant's "choice to continue his destructive lifestyle despite his family trying

---

[4] Appellant challenged his sentence in his timely post-trial motion and includes in his brief a statement pursuant to Pa.R.A.P. 2119(f) asserting that the trial court failed to consider mitigating evidence in imposing an excessive sentence. *See* Appellant's brief at 36. Thus, his sentencing challenge is preserved for our review. *See*, *e.g.*, *Commonwealth v. Lekka*, 210 A.3d 343, 352 (Pa.Super. 2019) (holding substantial question was presented by claim that the court failed to consider mitigating evidence in imposing sentence of forty-five years to life for juvenile convicted of murder).

to help him," and imposed a lawful sentence. *Id.* at 38-41. Appellant's arguments suggest not an abuse of discretion by the trial court, but a desire for us to reweigh the mitigating factors more heavily in his favor. This we cannot do. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.").

Therefore, we affirm Appellant's judgment of sentence on the basis of the court's August 22, 2025 opinion, which the parties shall attach hereto in the event of further proceedings.

Judgment of sentence affirmed.


Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/18/2026