**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER L. GATES | : | |
| | : | |
| Appellant | : | No. 199 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 23, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000415-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER L. GATES | : | |
| | : | |
| Appellant | : | No. 200 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 23, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000515-2024

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: NOVEMBER 17, 2025**

Christopher L. Gates appeals from the judgment of sentence of one and one-half to nine years of imprisonment imposed after he pled guilty to various offenses stemming from two separate incidents.  In this Court, Victoria E. Martin, Esquire, has petitioned to withdraw and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v.***

***Santiago***, 978 A.2d 349 (Pa. 2009). We grant the petition to withdraw and affirm the judgment of sentence.

We glean the following factual background from the certified record. On March 20, 2024, while on patrol, Trooper Waylon Smith of the Pennsylvania State Police ("PSP") observed a vehicle that had crossed into the incoming lane and hit a guardrail. Upon contact with the driver, later identified as Appellant, Trooper Smith noticed several signs of impairment and multiple open containers inside the vehicle. Appellant admitted to consuming alcohol and consented to field sobriety testing and a blood draw, the results of which revealed a blood-alcohol content of .261. He was arrested and charged with driving under the influence ("DUI") highest rate, DUI general impairment, driving with a suspended or revoked license, disregarding traffic lanes, driving on the right side of the roadway, and careless driving. The magisterial district judge set nonmonetary bail and Appellant was released.

Subsequently, on August 23, 2024, PSP Trooper Luke Geiger received a call from Appellant's neighbor concerning a potential instance of domestic violence. Trooper Geiger responded to Appellant's residence and interviewed his wife, Lorraine Gates. She explained that Appellant had thrown a can of beer at her, which struck her in the head and nearly hit their infant, and placed her in a headlock. Appellant was again arrested and charged with simple assault, strangulation, and endangering the welfare of a child.

The court appointed Attorney Martin. For both cases, the Commonwealth offered Appellant the opportunity to plead guilty to DUI highest rate, simple assault, and endangering the welfare of a child in exchange for dismissing the remaining charges and agreeing to have the court impose a sentence at the bottom of the standard range for the DUI offense. Appellant accepted the offer, after which the court accepted the plea and deferred sentencing to obtain a pre-sentence investigation ("PSI") report.

At the ensuing sentencing hearing, Attorney Martin explained that Appellant was attending drug and alcohol classes while imprisoned. Ms. Gates also submitted a victim impact statement, which asked for Appellant to return home, or alternatively for the court to impose a county sentence so that Appellant could continue to have access to drug and alcohol treatment. Appellant took responsibility for his crimes and apologized to his family and the community. The Commonwealth explained that although Appellant had a positive work history, that success did not negate his considerable criminal record. The court orally recited the content of Appellant's PSI report, confirming his recidivism. In accordance with the plea agreement, the court imposed the bottom of the standard range for the DUI offense. However, considering the nature of the offenses and Appellant's rehabilitative needs, the court sentenced Appellant to consecutive sentences of five to sixty months for DUI, eight to twenty-four months on simple assault, and five to twenty-

four months for endangering the welfare of a child, amounting to an aggregate sentence of one and one-half to nine years in prison.

Appellant filed a post-sentence motion alleging that the sentence was "too harsh" and that Ms. Gates "did not wish to see long incarceration per her victim impact statement requesting his return home." **See** Post Sentence Motion, 12/31/24, at ¶¶ 5-6. The court denied the motion, and Appellant timely appealed.[1] He and the trial court complied with Pa.R.A.P. 1925.

As mentioned, Attorney Martin has petitioned to withdraw in this Court and submitted an **Anders** brief. Accordingly, the following legal principles apply to our consideration of these filings:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

---

[1] This Court consolidated the cases *sua sponte*.

*Commonwealth v. Falcey*, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

> Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Our review confirms that Attorney Martin has substantially complied with the above requirements. The brief summarizes the procedural and factual background of this matter. *See Anders* brief at 7-9. Although counsel does not cite to the record in her statement of the case, she does so when articulating the relevant facts in the argument section. *Id*. at 12-13. Attorney Martin also stated her determination that the appeal is wholly frivolous, supported with citations to legal authority. *Id*. at 10-15. Further, counsel supplied the brief to Appellant and advised him of his right to hire new counsel or represent himself in this Court. *Id*. at Appendix. Appellant did not file a response to the petition. Therefore, we proceed to "make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (cleaned up).

Counsel sets forth one issue that could arguably support an appeal: "Did the trial court abuse its discretion when it sentenced Appellant to an aggregate sentence of [one and one-half] to [nine years]." **Anders** brief at 3 (some articles omitted).

We begin with the applicable legal principles. Questions concerning the discretionary aspects of sentencing are not appealable as of right. **See Commonwealth v. Perzel**, 291 A.3d 38, 46 (Pa.Super. 2023). Rather, to garner this Court's review of the merits, an appellant must first demonstrate that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." **Commonwealth v. Strouse**, 308 A.3d 879, 882 (Pa.Super. 2024).

This appeal is timely, Appellant's issue was preserved in a post-sentence motion, and counsel included a Rule 2119(f) statement in the **Anders** brief.[2]

---

[2] To the extent counsel's Rule 2119(f) statement is noncompliant because it merely states the standard for determining a substantial question, this Court may overlook an erroneous statement where, like here, the Commonwealth does not object. **See Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa.Super. 2003) ("If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief." (cleaned up)). Additionally, in the **Anders** context, "this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa.Super. 2015).

Appellant believes that the court imposed an excessive sentence and overlooked mitigating factors, including Ms. Gates's victim impact statement. This raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). Thus, we proceed to the merits of Appellant's claim.

This Court reviews a discretionary aspect of sentencing issue for an abuse of discretion, keeping in mind that sentencing "is a matter vested in the sound discretion of the sentencing judge[.]" *Commonwealth v. Davis*, 241 A.3d 1160, 1177-78 (Pa.Super. 2020) (cleaned up). A sentencing court "must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa.Super. 2024) (cleaned up).

Where the court imposes a sentence that is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019). In addition, where the court has reviewed a PSI report, "it is presumed that the court was both aware of and appropriately

weighed all relevant information contained therein." ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa.Super. 2021) (cleaned up).

The trial court opined that it did not impose an excessive sentence where it was within the standard range. ***See*** Trial Court Opinion, 4/11/25, at 3-4. The court also confirmed that it considered the written declaration of Ms. Martin and summarized that she "stated that Appellant was a great husband; and his actions were the result of alcoholism; she wants him to get the treatment; she wants him to remain local; and she wants him home with her and their young child." ***Id***. at 3. When it issued the sentence of imprisonment, the court explained that it balanced the wishes of Ms. Gates, Appellant's recidivism, the seriousness of his offenses, and his need for rehabilitation. ***Id***. at 4.

Attorney Martin echoes that Appellant's sentence was presumptively reasonable because it was within the standard range, and she attached the guideline sentence forms. ***See Anders*** brief at 13-14, Appendix. Further, she highlights that the court had Appellant's PSI report, and that it seemingly "made findings that were consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Appellant." ***Id***. at 12-13 (articles omitted). Counsel lastly states that the court "had the benefit of a victim impact statement" from Ms. Gates where she advocated for Appellant

to return home and for drug and alcohol treatment if he was imprisoned. *Id*. at 11.

We agree with Attorney Martin that if this issue were raised on appeal, it would be wholly devoid of merit. The court considered the victim impact statement and appropriately weighed that information against Appellant's rehabilitative needs and the seriousness of his crimes. *See Lawrence*, 313 A.3d at 286. The court also reviewed Appellant's PSI report and therefore we presume that it considered all mitigating factors. *See Brown*, 249 A.3d at 1212. Furthermore, Appellant's sentence was presumptively reasonable where it was within the standard guideline range for each offense. *See Hill*, 210 A.3d at 1117. Hence, we discern no abuse of discretion.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional matters that counsel failed to address.[3] *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Accordingly, we grant Attorney Martin's petition to withdraw and affirm Appellant's judgment of sentence.

---

[3] We have conducted our independent review cognizant of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." *Commonwealth v. Adams*, 327 A.3d 667, 669 (Pa.Super. 2024) (cleaned up). Since Appellant entered open pleas, a challenge to the discretionary aspects of his sentence was also available. *See*, *e.g.*, *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa.Super. 2017).

Petition of Victoria E. Martin, Esquire, to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/17/2025